439 So.2d 442 (1983)
Frank M. EDWARDS, Jr.
v.
LOUISIANA POWER & LIGHT COMPANY.
No. 82 CA 0665.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
On Rehearing September 16, 1983.
Jesse P. Lagarde and Frank M. Edwards, Jr., Amite, for plaintiff-appellee.
Arthur W. Macy, Hammond, and J. Wayne Anderson, New Orleans, for defendant-appellant.
*443 Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Defendant appealed the judgment granting plaintiff a preliminary injunction and denying its motion to dissolve a temporary restraining order.
The issues are the propriety of the temporary restraining order and preliminary injunction, damages, attorney's fees and jurisdiction.
We reverse in part and dismiss in part.
Plaintiff entered into a contract with defendant, Louisiana Power & Light Company, to provide three phase electrical service to plaintiff's dairy barn, to be paid for in accordance with rate schedules specified therein. The cost of constructing the facilities necessary to provide the three phase service to plaintiff was approximately $21,000.00. Pursuant to a provision in the rate schedule attached to the contract, plaintiff agreed to pay a facilities charge of $229.56 per month for ten years, in addition to payment for electricity consumed.
Plaintiff filed suit for damages for breach of contract and asked for a temporary restraining order and preliminary injunction to prevent defendant from disconnecting the electricity to the dairy for nonpayment of the facilities charge.
Defendant filed a plea to the jurisdiction and a motion to dissolve the temporary restraining order asking for damages and attorney's fees for its wrongful issuance. After hearing, the trial court denied the plea and motion and issued a preliminary injunction. Defendant appealed.
We believe the lower court erred in maintaining its jurisdiction.
The Public Service Commission has power and authority over an electric public utility "for the purpose of fixing and regulating the rates charged or to be charged by and service furnished by" the utility. La.R.S. 45:1163.
"The power, authority, and duties of the commission shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by such public utility ..." La. R.S. 45:1164.
The determination of who shall bear the additional cost of extra facilities is equated with the determination of a rate and is therefore beyond the jurisdiction of the court. Aurora Properties, Inc., et al. v. Louisiana Power and Light Company, 251 La. 880, 207 So.2d 356 (1968).
Essentially, plaintiff is claiming that defendant is charging him in excess of the tariff filed with the Public Service Commission, in that he is not getting the service to be provided him under the rates of that tariff. Defendant asserts that plaintiff is receiving the service but is not paying the rate required by that tariff and is attempting to effect a reformation of the tariff schedule. Certainly, this dispute seems to come under the provisions of La.R.S. 45:1163 and 1164.
The trial court therefore should have maintained the plea to the jurisdiction.
While attorney's fees may be awarded for the improvident issuance of a preliminary injunction, under the circumstances of this case we elect not to grant them.
For these reasons, the plea of jurisdiction over the dispute as to the furnishing of services and the cost thereof is maintained. The preliminary injunction is ordered dissolved.
All costs are assessed to the appellee.
The suit insofar as it involves the claim for damages is remanded for further action not inconsistent with this opinion.
DISMISSED IN PART AND REMANDED IN PART.

ON REHEARING
PER CURIAM.
We granted a rehearing to consider plaintiff's assertions that our maintenance of defendant's plea of jurisdiction and the dissolution of the preliminary injunction were erroneous and contrary to the law. We have considered plaintiff's contentions but *444 remain convinced that our holding was correct and therefore reinstate our decision.
We emphasize that we maintained the plea of jurisdiction over the dispute as to the furnishing of services and the cost thereof and dismissed only that portion of the suit. The plaintiff's complaints as to the claims for damages were remanded to the lower court. We do avail ourselves of the opportunity to correct an inadvertent reference to dismissal in part in the body of our opinion. As made clear in our order, we remanded the case for further proceedings.
For these reasons, our decision is reinstated.
CRAIN, J., dissents from refusal to grant rehearing.
CRAIN, Judge, dissenting from refusal to grant rehearing.
Where the question is the rate to be charged for a particular service, the Public Service Commission has jurisdiction. Where the rate for a particular service is not in dispute, but whether that service is being delivered for the rate fixed and charged, that is a matter for the court. It is my view that the trial court had jurisdiction in this case. Whether the injunction was properly granted is another matter.