STOKER, Judge.
The plaintiffs appeal a judgment dismissing their suit against the defendant for damages caused by an electrical power outage.
Mr. & Mrs. Melvin Lavergne left their home in Ville Platte on Thursday, August 22, 1985, to attend an out-of-town conference. When they returned on Sunday, August 25, they found that they had no electricity, and that the power had been out long enough for the contents of their refrigerator and freezer to thaw and spoil. Their tropical fish died because the aquarium equipment was off. They called Central Louisiana Electric Company (CLECO), which provided their electrical service, and informed the company of the outage. Within a short time a CLECO line mechanic arrived at the Lavergnes’ home, checked the transformer, found a burnt fuse, and replaced it, restoring service to the house.
The Lavergnes filed suit in the Small Claims Division of the Ville Platte City Court to recover for the damages caused by the outage. The matter was transferred to the regular civil docket of that court. After trial, the judge concluded that the plaintiffs had failed to establish negligence or a breach of contract on the part of CLECO, and that the defendant had proved that the outage was the result of an “Act of God.” The plaintiffs’ suit was dismissed, and they appeal.
We can find only three bases of recovery that the Lavergnes might have attempted to establish: breach of contract, negligence or strict liability. The Lav-ergnes introduced no evidence to show that the failure of CLECO to provide electricity or to remedy the outage constituted a breach of a contract with the Lavergnes. The trial judge did not err in finding that the plaintiffs were not entitled to recovery under this theory.
The evidence established that the outage was most probably precipitated by a bird or other animal on the power line leading to the Lavergnes’ house. This caused a surge or overload in the line. The transformer fuse is designed to blow in such situations as a safety measure. A CLECO investigator testified that “wildlife” is a problem in any electrical system, and he knew of no remedy for the problem. CLECO had a regular maintenance schedule to take care of problems with its equipment. In this case, CLECO did not know, nor could it have known, that the Lav-ergnes’ service had been interrupted. Once it was notified, immediate measures were taken to restore electricity. We agree with the trial court that the plaintiffs failed to show any negligence on the part of CLECO which created or exacerbated the situation.
*700 The Lavergnes also failed to show that CLECO was strictly liable for their damages under LSA-C.C. art. 2317. CLE-CO employees who had inspected the equipment at the plaintiffs’ home testified that they found no defect. The electricity stopped when the transformer fuse blew. The fuse was designed to blow when an overload or surge occurred. The overload or surge was caused not by any defect or system failure, but most probably by an animal on the line. CLECO’s equipment met national standards. We agree with the trial judge that CLECO is not strictly liable in this case for the effect of an animal on its equipment. See Hines v. Dixie Elec. Membership Corp., 391 So.2d 1203 (La. App. 1st Cir.1980).
In conclusion, the trial judge correctly found that the plaintiffs failed to show any basis for recovery against CLECO. We affirm the judgment, and assess the costs of this appeal to the plaintiffs.
AFFIRMED.