YELVERTON, Judge.
MOTION TO DISMISS
Defendant-appellee, Department of Public Safety and Corrections, seeks to dismiss the appeal of plaintiff-appellant, Roger L. Smith, on the ground that appellant is appealing from an unappealable judgment. For the reasons given below, we convert appellant’s appeal to an application for supervisory relief and grant writs in this matter in order to avoid irreparable harm.
According to appellant’s driver’s license and traffic conviction record, appellant submitted to a test, presumably a chemical test for intoxication, on April 20, 1990. Apparently, the test must have shown a blood alcohol level of .10 percent or more, although neither the type of test administered nor the results thereof have been made a part of the record in this ease. Appellant was advised on April 20, 1990, that his license would be suspended for ninety (90) days, pending review.
An administrative hearing on appellant’s license suspension was held on May 30, 1990. Notice of the adverse ruling was given to appellant on June 6, 1990. Seeking a review of this ruling, appellant filed his Application for Review in the Fourteenth Judicial District Court on June 13, 1990. In this pleading appellant prayed for *667 the trial court to review the suspension of appellant’s driver’s license and prayed for a stay of the suspension. A stay was granted by the trial court on June 11, 1990, which stay prevented the suspension of appellant’s driver’s license pending the judicial review of appellee’s decision.
Initially, the trial court ordered appellee to show cause on July 2, 1990, why its decision to suspend appellant’s license should not be reversed. This date was later upset, and the hearing date was rescheduled for July 24, 1990. On the date of the hearing, appellant filed an amendment to the application for review in which appellant reiterated his original demands and alternatively sought a hardship license pursuant to L.S.A.-R.S. 32:415.1. Appellee had previously filed an answer to the amendment; in this answer appellee argued that appellant was not entitled to a restricted license for the first thirty (30) days of suspension due to the provisions of LSA-R.S. 32:668.
For reasons not contained in the record, the hearing of July 24,1990, pertained solely to appellant’s prayer for a hardship license. Appellee argued that under Schott v. State, Department of Public Safety, 556 So.2d 999 (La.App. 3rd Cir.1990), appellant was not entitled to a hardship license during the first thirty (30) days of suspension. The trial court agreed with appellee. At the close of the hearing, appellee moved for an oral exception of no cause of action as to appellant’s request for a restricted license. This exception was then granted by the trial court. The written judgment, however, simply orders that appellant’s demand for a restricted license be dismissed with prejudice. Subsequently, appellee moved to have this case set for trial; this motion was signed by the trial court, although no date was set by the order.
Appellee contends that the judgment involved herein is not a final judgment and is, therefore, unappealable. This contention is incorrect as the judgment certainly decides the merits of appellant’s suit in part. La.Code Civ.Proc. art. 1841. Therefore, this judgment would be subject to appeal. La.Code Proc. art. 2083.
As more fully elucidated below, however, we find that the trial court’s judgment is incorrect and that failure to correct the error will cause appellant injury which cannot be resolved by an ordinary appeal. Thus, this court finds that the proper remedy in this case is to consider the trial court’s judgment by an invocation of this court’s supervisory jurisdiction. Stevens v. Patterson Menhaden Corp., 191 So.2d 692 (La.App. 1st Cir.1966), writ denied, 250 La. 5, 193 So.2d 524 (1967). Therefore, this court on its own motion hereby converts the instant appeal into an application for supervisory writs and renders the following decision on the merits. Hamilton Medical Group v. Ochsner Health Plan, 550 So.2d 290 (La.App. 3rd Cir.1989).
As we have already discussed, the instant judgment is a final one which decides the merits of appellant’s suit in part. More specifically, since the judgment sub judice only dismisses appellant’s alternative request for relief, appellant’s original prayer for the judicial review of the license suspension remains to be tried and decided. Thus, the trial court’s judgment dismissing appellant’s alternative plea is a partial final judgment.
Partial judgments are only proper in Louisiana in certain specifically enumerated circumstances. La.Code Civ.Proc. art. 1915. The judgment rendered in the instant case is not contained in this list. Accordingly, the trial court erred in rendering a partial judgment. However, since the trial court granted an exception of no cause of action at the hearing on this matter, this court will proceed to address the propriety of the dismissal of appellant’s alternative demand in light of this exception.
When a petition states a cause of action as to any portion of the demand, an exception of no cause of action will generally be overruled. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988). However, an exception to this rule arises when a petition states separate and distinct causes of action; in such a situation, an exception of no cause of action may properly be granted as to a portion of the petition. Bordelon v. Cochrane, 533 So.2d 82 (La. *668 App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989). In the instant case, appel-lee’s exception was directed solely to the request for a restricted license. The availability of a restricted license in this situation is dependent on the trial court’s determination that the suspension of appellant’s license was proper, i.e. if the suspension is held to be improper, there will be no need to grant appellant a restricted license. Even if the trial court finds the suspension proper, a determination must be made as to whether the suspension is being accomplished pursuant to LSA-R.S. 32:414, et seq., or LSA-R.S. 32:667, et seq. Only then does the issue of appellant’s entitlement to a restricted license become ripe for a decision.
Assuming arguendo that the exception of no cause of action in the instant case fell within the exception to the general rule and appellant’s alternative demand could be dismissed through this vehicle, the exception was without merit. No evidence may be introduced on an exception of no cause of action. La.Code Civ.Proc. art. 931. In the amended petition filed in this case, appellant claims to be entitled to a restricted license pursuant to LSA-R.S. 32:415.1, which statute does allow the issuance of a restricted license under certain conditions. Thus, appellant has stated a viable cause of action, regardless of appellant’s ability to win on this point at a trial on the merits. As stated above this record contains a paucity of facts, especially those facts surrounding the reason for the suspension of appellant’s licence; these facts are certainly not contained in appellant’s petition. Accordingly, there is no basis for sustaining the exception of no cause of action based on the allegations contained in the petition and amendment thereto.
In accordance with the above findings, we find the trial court erred in dismissing appellant’s demand for a restricted license. This case is hereby remanded for a trial of the entire suit in conformity with the holdings of this court as detailed above. Costs of these proceedings in this court are to await a final determination in the case.
WRIT GRANTED AND MADE PEREMPTORY.