581 So.2d 1085 (1991)
Andrew O. MILSTEAD, Jr., et al., Plaintiffs-Appellants,
v.
LOUISIANA POWER AND LIGHT COMPANY, Defendant-Appellee.
No. 22481-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
Davenport, Files & Kelly, Monroe by J. Edward Patton, II, for plaintiffs-appellants.
Monroe & Lemann, New Orleans by J. Wayne Anderson, W. Glenn Burns, and Margaret M. Silverstein, for defendant-appellee.
Before MARVIN, C.J., and SEXTON and VICTORY, JJ.
MARVIN, Chief Judge.
In this action on a contract to supply electricity, the plaintiff truck-stop owner, Milstead, appeals a judgment dismissing in part his demands against the public utility, LP & L, on LP & L's exceptions of no cause of action and of lack of subject matter jurisdiction.
Following Edwards v. Louisiana Power & Light Co., 439 So.2d 442 (La.App. 1st Cir.1983), the trial court ruled that disputes over the rates charged for electricity by a utility can only be heard by the PSC, while claims for damages for breach of the contract to supply electricity may be heard in a district court of proper jurisdiction.
Milstead contends the exception to the jurisdiction should not have been sustained and the exception of no cause of action should not have been sustained in part to dismiss part of his demands, citing the general rule recognized in Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
We find the general rule of Leenerts Farms should not be applied in this situation and apply instead the specific rule of Bordelon v. Cochrane, 533 So.2d 82 (La. App. 3d Cir.1988), writ denied. The exception of no cause of action may be sustained as to only one of several causes of action which are separate and distinct.
We affirm on the authority of Edwards and Bordelon. Compare Lavergne v. Central Louisiana Elec. Co., 503 So.2d 698 (La.App. 3d Cir.1987).

*1086 FACTS
In 1980 LP & L began supplying Milstead with electricity under a Code 5, or Small General Service, contract, the rate for which is higher than the rate under a Code 19, or Large General Service, contract. In 1987 the Louisiana Public Service Commission ruled that LP & L was obligated to inform customers of their eligibility for more favorable rates for electricity and ordered LP & L to refund overpayments made by its affected customers for three years before the date of the PSC ruling. Milstead was one of those customers. Milstead became eligible for the more favorable Code 19 rate in 1981, three years before the commencement of the 1984-1987 refund period under the PSC ruling. He allegedly overpaid LP & L $7,136 between 1981 and 1987. The PSC rulings and orders were stayed during LP & L's appeal which apparently is yet pending.
In June 1988 in Ouachita Parish Milstead instituted his action under the contract, alleging that LP & L failed to honor its contract with him by not informing him of his eligibility for the more favorable rate and thereby caused him substantial business losses. Milstead alleged that LP & L overcharged him $7,136 between 1981 and 1987 and he sought damages [in that amount] for loss of profits ($7,136), loss of reputation and goodwill ($140,000), physical and mental injury and humiliation ($20,000), and a final business loss of $55,000.

RESOLUTION
Essentially, Milstead is claiming that he was being overcharged for service under the Code 5 contract as he qualified for service under the Code 19 contract at a more economical rate. We see no valid distinction in the Edwards ruling, cited supra.
When a claim is stated that is essentially a dispute about the furnishing of services or the cost of the services, the claim is beyond the jurisdiction of the trial court. O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1st Cir.1990). Rates charged for electricity and refunds for overcharges are exclusively within the jurisdiction of the PSC. LSA-Const. Art. 4 § 21; LRS 45:1163, 45:1164. A claim for damages otherwise arising out of a contract to supply electricity may be instituted in a district court of proper jurisdiction, according to Edwards, supra, and the trial court. We agree.

DECREE
At appellant's cost, the judgment is AFFIRMED.