STEWART, Judge.
Larry Massey sued his former employer, G.B. Cooley Hospital, and its CEO, M. Larry Parks, for damages stemming from his discharge from employment. The defendants filed a peremptory exception of no cause of action for wrongful termination, intentional infliction of emotional distress, and defamation. The trial court denied the exception as to the defamation action and granted the exception as to the remaining actions.
Massey appeals that portion of the judgment which granted the peremptory exception of no cause of action for wrongful termination, and intentional infliction of emotional distress. Massey contends that the trial court erred in sustaining the peremptory exception of no cause of action and dismissing his claims of wrongful termination of employment and intentional infliction of emotional distress. We affirm.
FACTS
Appellant, Larry Massey, was employed by G.B. Cooley Hospital. In his suit, he alleged that on September 27, 1989, the administrator of the hospital informed him that he had the option to either resign or be fired. Appellant further asserted that when he refused to resign, he immediately received notice of termination for “neglect of management responsibilities, conduct, and behavior unbecoming of a department head.”
Appellant filed a grievance for reinstatement in accordance with Cooley’s employee manual, but Cooley denied reinstatement without further reasons.
Massey filed suit against Cooley and Parks. Appellant averred that Parks publicly accused him of misappropriating various items of property owned by the hospital. These acts by appellees, according to appellant’s petition, constituted intentional infliction of emotional distress, wrongful termination of employment, and defamation.
In response, appellees filed the peremptory exception of no cause of action. After considering supporting and opposing mem-oranda and argument on the matter, the trial court found that appellant’s petition adequately stated grounds of defamation but failed to sufficiently articulate a cause of action for either wrongful termination of employment or intentional infliction of emotional distress. The trial court ordered that the appellant amend his petition within ten days to cure the peremptory exception of no cause of action or, in default of such an amendment, the cause of action for wrongful termination of employment and intentional infliction of emotional distress would be dismissed. Plaintiff opted not to amend but to pursue this appeal.
DISCUSSION
The peremptory exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords a remedy to the plaintiff for the particular grievance alleged. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). In deciding an exception of no cause of action, the court accepts the facts as alleged in the petition, without reference to any extraneous supporting or controverting evidence, and determines whether the law affords any relief to the plaintiff if those facts are proved at trial. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice, LSA-C.C.P. Art. 865. Teachers Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). Any doubt must be resolved in favor of the sufficiency of the petition. *463 Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980).
As a general rule, when a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action shall be overruled. The purpose of this rule is to prevent piecemeal litigation and to avoid multiple appeals. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988); Rodriguez v. American Bankers Ins. Co. of Florida, 386 So.2d 652 (La.1980). However, recent jurisprudence has recognized the following exception to the general rule: where a single petition alleges separate and distinct causes of action, an exception of no cause of action may properly be granted as to a portion of the petition. Milstead v. Louisiana Power and Light Co., 581 So.2d 1085 (La.App.2d Cir.1991); Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1255 (La.1989); Smith v. Louisiana Dept. of Public Safety, 571 So.2d 666 (La.App. 3d Cir.1990).
An appropriately granted exception of no cause of action as to a portion of a petition serves to preclude a myriad of pretrial discovery problems and trial evidentiary problems that are necessarily created by a claim for which there is an insufficient factual basis stated in the petition.
Massey contends the trial court was manifestly erroneous in holding that he failed to state a cause of action against the defendants for either wrongful discharge or intentional infliction of emotional distress and was manifestly erroneous in dismissing these claims after he failed to amend the petition.

Wrongful Termination of Employment

Louisiana’s doctrine of employment-at-will is embodied in Article 2747 of the Louisiana Civil Code which provides:
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
Under this doctrine, both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided that the termination violates no statutory or constitutional provision and, obviously, that there is no contract of employment for a definite term. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1103-04 (La.1988); Pechon v. National Corp. Service, Inc., 234 La. 397, 100 So.2d 213 (1958).

Intentional Infliction of Emotional Distress

In order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto, Co., 585 So.2d 1205, 1209 (La.1991).
The outrageous conduct requirement has been defined as “conduct which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.” Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012 (La.App.2d Cir.1987).
In the instant case, appellant argued initially that his claim was one for defamation of character, and not for wrongful termination; however, in subsequent memoranda, he maintained that the pleadings set forth three separate causes of action for wrongful termination, intentional infliction of emotional distress, and defamation. These causes of action are separate and distinct. Therefore, the trial court properly applied the Milstead and Bordelon exception, rather than the general rule, to determine whether the law affords a remedy for each of appellant’s separate and distinct causes of action.
In brief, appellant contends that the petition states a cause of action for a breach of an employment contract. In support of this contention, appellant argues the applicability of defendant’s employment manual. However, because the petition *464 makes no reference to such manual, this argument is beyond the scope of our review of this exception. The petition fails to allege either that appellant had an employment contract with G.B. Cooley or that he was employed for a definite period of time.
Paragraph four of appellant’s petition merely states when he was hired by G.B. Cooley and omits any facts which could be construed as an exception to the otherwise applicable “at will” status of an employee. He perforce must concede that his employment relationship with G.B. Cooley was at will, giving Cooley the right to fire him for any reason at all. Gil v. Metal Service Corp., 412 So.2d 706 (La.App. 4th Cir.1982), writ denied, 414 So.2d 379 (La.1982).
Further, appellant failed to allege in his petition any facts which stated either that the appellees actively desired to bring about mental anguish or that they realized to a substantial certainty that it would occur as a result of outrageous conduct so extreme in degree as to be regarded as atrocious and utterly intolerable in a civilized community. Thus, the trial court properly sustained of the peremptory exception of no cause of action in regard to wrongful termination of employment and intentional infliction of emotional distress.
CONCLUSION
For the foregoing reasons, we affirm that part of the trial court’s judgment which sustained the peremptory exception of no cause of action for wrongful termination of employment and intentional infliction of emotional distress. Costs of this appeal are assessed to appellant.
AFFIRMED.
HIGHTOWER, J., dissents with written reasons.