SEXTON, Judge.
Plaintiff, Laurie Katherine Henry, appeals adverse judgments by the trial court which dismissed her wrongful life claims and the wrongful life claims of her minor children against the defendants, Taco Tio, Inc., James Richard Douell, and Darlene Douell. We affirm.
In 1985, the plaintiff was hired to work at the Taco Bell restaurant on Highway 165 in Monroe. This restaurant was one of four Taco Bell franchises owned by James Douell in the Monroe/Ruston area. The franchise agreements with Taco Bell were in Mr. Douell’s name individually, but he apparently operated the restaurants through Taco Tio, the corporation he owned with his wife, Darlene Douell.
In May of 1986, Mr. Douell made sexual advances, and the plaintiff succumbed. Plaintiff contends that she was in fear of losing her job. The plaintiff and Mr. Do-uell thereafter maintained a sexual relationship that lasted almost three years and resulted in the plaintiff becoming pregnant three times.
The plaintiff’s first pregnancy was terminated by abortion in • August 1986. The other pregnancies resulted in the births of James Christopher Henry (DOB 6/5/87) and Joshua Edward Henry (DOB 10/1/88). At one point, when the plaintiff was working at the Ruston franchise, she and Mr. Douell openly lived together.
Eventually, Mr. Douell’s wife, who lived in San Antonio, Texas, learned of the affair. The plaintiff was offered a lump sum of money and assistance in obtaining a job at another Taco Bell not owned by the Douells if she resigned. According to the plaintiff, this arrangement was to remain a secret between the Douells and the plaintiff. However, the plaintiff confided in her sister, who then called Mrs. Douell to question her about the offer.
Plaintiff claimed that the next morning, on January 17, 1989, an enraged Mr. Douell was waiting for her at the franchise where she worked. When she entered the restaurant to open it for business, he physically assaulted her. He then fired her and ordered her off the premises. The police were summoned to the restaurant, resulting in the arrest of Mr. Douell for battery and the plaintiff for trespassing.
The plaintiff filed a lengthy petition on January 9, 1990, individually and on behalf of her two minor children. Named as defendants. were Mr. and Mrs. Douell, their corporation, Taco Tio, Inc., Taco Bell Corporation, and the defendants’ unknown liability insurers.[1] In this petition plaintiff asserted several causes of action. With respect to herself, they fall into three general categories, (a) allegations of damages from the alleged intentional battery, (b) allegations of damages from intentional infliction of emotional stress, and (c) allegations of damages for herself for the “wrongful life” of the two children. The allegations and damages asserted on behalf *774 of the two children are for their “wrongful life.” [2]
On September 9, 1991, Taco Tio, Inc. filed a motion for summary judgment alleging all claims filed by the minors in the instant case were based under the doctrine of “wrongful life.” Taco Tio alleged that such claims are not sanctioned under Louisiana law and therefore there is no basis upon which damages can be recovered. This motion also asserted that all claims filed by Ms. Henry against Taco Tio should be dismissed on the grounds that there were no genuine issues of material fact which would enable plaintiff to recover damages. This exact same motion for summary judgment was filed by defendants, James and Darlene Douell, on October 16, 1991.
A hearing was held on January 15, 1992, concerning the motions for summary judgment. Two separate judgments were rendered by the trial court with respect thereto. The first judgment, rendered on January 29, 1992, sustained Taco Tio’s “Motion for Summary Judgment and/or Exception of No Cause of Action” as to all claims instituted by the minors. This judgment also sustained Taco Tio’s “Motion for Summary Judgment and/or Exception of No Cause of Action” as to all claims instituted by Ms. Henry except for intentional battery and intentional infliction of emotional distress. Similarly, on March 20, 1992, the trial court rendered judgment on James and Darlene Douell’s motion for summary judgment and/or exception of no cause of action. All claims against the Douells were likewise dismissed except for Ms. Henry’s claims of intentional battery and intentional infliction of emotional distress. Plaintiff appeals both the judgments of January 29, 1992, and March 20, 1992, individually and in her capacity as tutrix of the minor children.
On appeal, plaintiff contends the trial court erred in dismissing her cause of action for damages suffered by her resulting from the wrongful lives of her minor children. Plaintiff also contends the trial court erred in dismissing the minors’ cause of action for their wrongful lives. . Plaintiff asserts that Louisiana does recognize a cause of action for wrongful life based on Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988). Plaintiff contends *775 that this cause of action for wrongful life is not restricted to an action in medical malpractice. Under Pitre, supra, plaintiff contends the duty/risk analysis should be applied in the instant case to determine that Mr. Douell breached his duty not to im--pregnate Ms. Henry. Plaintiff also contends that Mr. Douell breached his duty not to be the father of illegitimate children. Accordingly, plaintiff contends that she and her children should be allowed to recover damages they have suffered for the wrongful lives of these illegitimate children.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Rodgers v. Johnson, 557 So.2d 1136 (La.App.2d Cir.1990). In the instant case, there was no genuine issue of material fact as to the wrongful life claims as there was no factual dispute. The only issue before the trial court was whether the plaintiff and her children were entitled to recover damages for their claims under Louisiana law. It remains for the judge, not a jury, to decide questions of law on a motion for summary judgment. Friar v. Caterpillar, Inc., 529 So.2d 509 (La.App. 5th Cir.1988), writ denied, 532 So.2d 178 (La.1988).
Clearly, the claims of Ms. Henry and her children are for emotional damages for the wrongful lives of the children because they are illegitimate. Louisiana law has never recognized a cause of action for wrongful life which is based solely on illegitimacy. Doe v. Cronan, 487 So.2d 461 (La.App. 5th Cir.1986). Since Pitre, our brethern of the Third Circuit have held that such a claim is not cognizable under Louisiana law, distinguishing Pitre. In Lloyd v. Howard, 566 So.2d 424, 426 (La.App. 3rd Cir.1990), the court held:
The Supreme Court in Pitre declares that under certain circumstances a birth defect and deformity resulting from a physician’s negligence might give rise to an action for wrongful life. Illegitimacy is not a physical defect. The trial court was correct in maintaining the exception of no cause of action.
We agree with the rationale of the Lloyd court. Since there are no factual disputes, we thus conclude the trial court did not err when it sustained the motion for summary judgment as to the instant wrongful life claims based solely on the illegitimate status of these two children.
We note that the trial court judgment not only sustained the motions for summary judgment but also sustained an exception of no cause of action which the trial court apparently supplied as to the wrongful life claims.[3] For the reasons previously discussed, it is clear that plaintiff would be unable to amend the petition to state a lawful cause of action. Therefore, dismissal is also appropriate on this basis. LSA-C.C.P. Art. 934.
The judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.

. Taco Bell has been subsequently dismissed from this case by the granting of a motion for summary judgment which was upheld by' this court in Henry v. Taco Tio, Inc., 606 So.2d 1376 (La.App.2d Cir.1992).

.Plaintiff's allegations of damages for herself and her minor children are summarized by Paragraph XXXVIX of the petition as follows:
A. Damages suffered by James Christopher Henry and Joshua Edward Henry:
1. Sociologically, they will throughout their adolescent and adult years carry the stigma of illegitimate bastards.
2. They will never have a father figure in the home and will be deprived not only of the love and affection of a present fathef, but they will be deprived of the encouragement and guidelines that a father can give.
3. They will be deprived of a normal childhood that can only be had when both a mother and father are present in a home.
4. They will be deprived of a childhood which incorporates the traditional values of most Americans.
5. They will be deprived of an adequate and satisfactory education.
6. They will suffer considerable emotional disturbances, mental anguish, pain and suffering, and normal psyches.
7. They will be deprived of the economic assistance that a father could contribute to the basic necessities, physical well being, and happiness of normal childhood.
8. They will be deprived of much of the time, love, and care of a mother who has to work and provide that which should be provided to children by their father.
9.In all likelihood, they will be locked into a status of second class citizens.
B. Damages suffered by petitioner Laurie Katherine Henry:
1. Pain an [sic] suffering, mental anguish, and emotional instability particularly related to an undereducated, untrained, disadvantaged mother of children without a father who knows all of the above described damages .will be experienced by her children because they have no father.
2. Pain and suffering, mental anguish, and emotional discomfort for the loss of all of those romantic, hedonistic, and material satisfactions a normal 20 year old female might expect from a traditional courtship and wedding, without children born out of wedlock.
3. Loss of income that she might normally have expected to realize.
4. The loss of the opportunity to have a college education and a career of her own.
5. Emotional disturbances resulting from having aborted a pregnancy despite convictions against abortion.
6. Loss of individual dignity and the privilege in sharing in the American dream.
7. Having been slandered and arrested as a common thief.

. Currently, the law in this circuit is that where a single petition alleges separate arid distinct causes of action, a peremptory exception of no cause of action may properly be granted as to a portion of the petition. Massey v. G.B. Cooley Hospital for Retarded Citizens, 593 So.2d 460 (La.App.2d Cir. 1992), writ granted, 596 So.2d 198 (La.1992).