LEMMON, Justice.*
The issue in this case is identical to the issue in a case handed down this day, Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The issue is whether a court may render a judgment partially maintaining an exception of no cause of action when the judgment adjudicates one or more, but less than all, of the demands or causes of action asserted against the excepting party.

Facts

Plaintiff filed a petition for damages against his employer alleging that plaintiff was wrongfully terminated and that the employer made defamatory statements about plaintiff during the grievance procedure subsequent to termination. Specifically, plaintiff asserted:
The actions of Cooley and defendant in publicly accusing plaintiff of unlawful or otherwise inappropriate action or mismanagement of Cooley supplies and equipment and of unlawfully terminating plaintiff occurred during the course and scope of defendant’s employment with Cooley and constitute the intentional infliction of emotional or mental anguish, the unlawful termination of plaintiff, abuse of process and defamation.
Defendants filed an exception of no cause of action. The trial court maintained the exception as to the allegations of wrongful termination of employment and intentional infliction of emotional distress, but overruled the exception and found a cause of action asserted for defamation. The court of appeal affirmed. 593 So.2d 460.
For the reasons stated in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), the judgments of the lower courts are set aside, and the case is remanded to the district court to reconsider the exception of no cause of action according to the procedure outlined in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
WATSON, J., concurs but would prefer that this court fashion a judgment rather than remand.

 Justice Luther F. Cole, Retired, was assigned to participate in this case, having been on the court when the case was argued.