Dear Mr. Kennedy:
This office is in receipt of your opinion request where you ask us to consider whether the Renaissance Home For Youth may incur legal liability in certain situations. The specific situations you are concerned with are:
 (1) Liability for accepting clients when the center is already at its licensed capacity.
 (2) Liability for accepting juveniles who are pregnant or who are heavily medicated, when the medical staff off the center is comprised of only one nurse and two of campus doctors.
 (3) Liability for juveniles who are runaways from the Home's non-secured programs.
 (4) Liability for clients placed on home detention which is outside the agency policy.
In your request you mention that you have reviewed LSA-R.S.9:2792.4 and LSA-R.S. 13:5101 to determine what relief they may provide in your current situation. In reviewing these same statutes, this office is of the opinion that LSA-R.S. 9:2792.4
does not provide the Renaissance Home with immunity. LSA-R.S.9:2792.4 provides:
 A. As used in this Section, a "member of a board, commission or authority of a political subdivision" means a person serving as an elected or appointed director, trustee, or member of a board, commission, or authority of a municipality, ward, parish, or special district, board, or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission, or any other local board, commission, or authority. *Page 2 
The section then goes on to provide for the immunity of the board members. In application of this provision to the current situation, it is our opinion that the Renaissance Home does not fall within the definition of a "political subdivision." In Opinion Number 93-311, this office opined that a juvenile detention center does not fall within the term "governing authority". And, while "political subdivision" is potentially broader than "governing authority", we find no provision which allows your youth center to fall within such definition.
You advise us that the Renaissance Home operates under a contract with the Police Jury and is supported by a tax levied on the citizens of Rapides parish. While this information shows the connection the Renaissance Home has with the local government, it still is insufficient to qualify' it as a "political subdivision." This is evident by the illustrative list contained in the statute. What is envisioned by the legislature to be a "political subdivision" under this part is a local board or commission, not a center such as Renaissance Home.
A similar analysis is applied in addressing the application of newly revised LSA-R.S. 13:5101 to the current situation. The section provides:
 B. This Part applies to any suit in contract or for injury to person or property against the state, a state agency, an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment, or a political subdivision of the state, as defined herein, or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment.
This section provides a much broader definition of "political subdivision" than that contained in Title 9. LSA-R.S. 13:1502, defines a "political subdivision" as meaning:
 any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or any agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.
As you had mentioned in one of the attachments to your opinion request, a potential of this section on liability, if the home were to be determined as a political subdivision, is to place a cap on recoverable damages. This statute does not grant the Renaissance Home immunity from the claims you ask us to address. If a claim is brought concerning any of the activities listed in the beginning of this opinion, be advised that the judge involved would be immune from any of the claims, and the Renaissance Home would be the likely target of the litigation. InDoe v. Foti, 93-1337 (La.App. 4 Cir. 3/15/94), 634 So.2d 58, a judicial administrator had a juvenile inadvertently transferred to a juvenile facility. The court stated, "Even if Mrs. Jordan (or her assistant) had erroneously ordered *Page 3 
the plaintiffs' son to be housed . . . the decision concerning where to house a juvenile offender pending further judicial proceeding is a judicial function entitled to judicial immunity."Id at 60. A court would likely follow a similar analysis in a situation where a juvenile was sent to your facility when it is over capacity, or likewise when a judge sends a juvenile who you do not have the resources to correctly treat.
It is therefore the opinion of this office that the Renaissance Home For Youth and its directors and employees do not enjoy the protection of tort immunity. Thus, in each of the four situations presented, the Renaissance Home For Youth is not sheltered from liability based on a status as a "political subdivision". This opinion does not address private insurance coverage or other such protections of the Home or its employees.
We hope this sufficiently answers your inquiry. Should you have any further questions, please do not hesitate to contact this office.
Very truly yours:
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS
Assistant Attorney General