566 So.2d 424 (1990)
Gloria Ann LLOYD, et al., Plaintiffs-Appellants,
v.
Frank A. HOWARD, Sheriff, et al., Defendants-Appellees.
No. 89-106.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
Ramona L. Emanuel, Jacquelyn Taylor, Shreveport, for plaintiffs-appellants.
Hall, Lestage, David Lestage, Deridder, Stassi, Rausch, Joseph W. Rausch, Metairie, for defendants-appellees.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
This is a suit for damages filed by Gloria Lloyd against the Sheriffs of Vernon and Sabine Parishes and their insurers resulting from alleged rapes while she was an inmate in the Vernon Parish jail. Included in the petition is an action for wrongful life on behalf of the child born as a result of the alleged rapes. The defendants filed exceptions of prescription to the mother's claim and no cause of action to the child's wrongful life claim. The trial judge sustained both exceptions. We affirm.

PRESCRIPTION
There are two substantial issues on appeal. Regarding the first issue, the trial judge wrote excellent reasons for judgment. We quote these reasons, which also describe the proceedings:
Plaintiff, Gloria Ann Lloyd, filed suit on August 19, 1986, against Sheriff Frank A. Howard and XYZ Insurance Company, a fictitious insurer, alleging that while she was incarcerated in the Vernon Parish jail, *425 two male inmates forced her to engage in sexual activity. This allegedly occurred on two separate occasions, both in early July, 1985. As a consequence, she became pregnant and had a child, Gerrick Lloyd, born March 29, 1986, for whom she also brought suit for damages.
Counsel for Sheriff Howard then filed an exception of prescription and of no cause of action, after which plaintiff filed a supplemental petition alleging, in substance, that in June, 1986, "defendant, Sheriff" summoned her to her [sic] office and there threatened to arrest her and require her to serve the remainder of her time if she pursued the action against the sheriff.
In March of 1987, plaintiff was permitted to file her second supplemental petition by which she impleaded Sheriff James A. Brumley, Jr., of Sabine Parish, for whom Sheriff Howard was keeping the plaintiff as a courtesy owing to the crowded condition of the Sabine Parish jail. The exceptions of prescription and no cause of action were again urged for Sheriff Brumley and the insurer for the sheriffs.
This suit was filed more than one year after the alleged tortious conduct and is prescribed (C.C. Article 3536) unless, as contended by counsel for plaintiff, the doctrine of contra non valentem agere nulla currit praescriptio (no prescription runs against the person unable to bring an action) applies.
Although Article 3521 of the Civil Code provides that prescription runs against all persons, unless included under some exception established by law, the doctrine of contra non valentem, where applicable, has served to extend the prescriptive period. In order to apply, however, it must be shown by plaintiff either that cause of action did not manifest itself sufficiently or that the defendant concealed facts or misled the plaintiff, thereby lulling the plaintiff into inaction. Louisiana jurisprudence indicates that the doctrine is recognized with great caution, and its application has been restricted. Ayres v. New York Life Insurance Company, 54 So.2d 409 (La. 1951). The delay, moreover, should not be willful on the part of the plaintiff, or attributable to his own negligence. Nathan v. Carter, 372 So.2d 560 (La.1979).
Plaintiff's contention in regard to the doctrine is that she was afraid to proceed with her suit as a result of veiled threats by Sheriff Brumley. The evidence did show that in May of 1986, Sheriff Brumley summoned her to his office and questioned her about what had happened while she was in the Vernon Parish jail. He reminded her that she still had about seven months to serve on her burglary charge and offered to speak with the district attorney and judge about having her sentence reduced to time served, provided that she would refrain from bringing the lawsuit against Sheriff Howard.
Although that conduct may not be regarded as commendable, it hardly suffices as the basis for contra non valentem. On the contrary, the evidence clearly showed that plaintiff had conferred with an attorney in Natchitoches, Louisiana, in February, 1986, and with her present attorney in May of 1986. Doubtless she was advised by both counsel regarding the prescriptive limitations.
Plaintiff cites Corsey v. State, Through the Department of Corrections, et al., 375 So.2d 1319 (La.1979). Therein the plaintiff had sustained physical, including intracranial, injuries at the hands of another inmate, followed by lack of medical care. The majority held applicable the doctrine, concluding that for some time after the alleged tortious conduct, and a result thereof, plaintiff had been rendered incapable of understanding what had happened to him and was not aware of his legal remedies.
We agree with the trial court. The doctrine is inapplicable in the present case.
Turning now to the second issue regarding prescription, the appellant argues that the two year prescription of La. R.S. 9:5623 controls. We quote that statute:
The following actions against sheriffs and their sureties are prescribed by two years, reckoning from the day of the act of omission or commission:

*426 (1) Those for the recovery of damages arising out of any act of misfeasance or nonfeasance by the sheriff.
(2) Repealed by Acts 1978, No. 710, § 1.
(3) Those for the recovery of costs overpaid to the sheriff.
Subsection (2) before its repeal by Acts 1978, No. 710, provided as follows:
Those for the recovery of damages arising out of any offense or quasi-offense by the Sheriff.
It is apparent that the Legislature regarded "any offense or quasi-offense" on the one hand, and "any act of misfeasance or nonfeasance" on the other, as conduct belonging in separate and distinct categories. The present action is one for the recovery of damages based on an alleged offense by the sheriffs, not an act of misfeasance or nonfeasance. The two year prescription for offenses had been repealed when these alleged acts occurred.
The plaintiffs' remaining prescription contentions: that the claim for wrongful birth was not prescribed since the damages associated with that claim were not sustained until the birth of the child; that the case falls within the provisions of La.C.C. art. 2298, dealing with the imprudent management of Sheriff Brumley's office by Sheriff Howard, and therefore is prescribed by 10 years; and that the agreement of one sheriff to act as her custodian was a stipulation pour autrui, governed by the same contractual prescriptive periodhave all been considered. We find no merit to any of them.

NO CAUSE OF ACTION
The exception of no cause of action was addressed to the claim asserted on behalf of the child. It was alleged that because of the negligence of the sheriffs, the child was born an illegitimate, and must suffer emotional damages by being unable to identify his father. We regard this as a suit for emotional damages for wrongful life based on being illegitimate. Such a claim has not been recognized in Louisiana. Doe v. Cronan, 487 So.2d 461 (La.App. 5th Cir.1986). See, also, Pitre v. Opelousas General Hosp., 517 So.2d 1019 (La.App. 3d Cir.1987), aff'd 530 So.2d 1151 (La.1988), rev'd on other grounds. The Supreme Court in Pitre declares that under certain circumstances a birth defect and deformity resulting from a physician's negligence might give rise to an action for wrongful life. Illegitimacy is not a physical defect. The trial court was correct in maintaining the exception of no cause of action.
For the reasons assigned, the judgment of the trial court maintaining the plea of prescription to the mother's claim, and maintaining the exception of no cause of action to the claim asserted on behalf of the child, and dismissing the suit, are affirmed, appellant to pay costs of this appeal.
AFFIRMED.