583 So.2d 1210 (1991)
Madeline JOHNSON
v.
Charles C. FOTI, et al.
No. 90-CA-1984.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1991.
David Band, Jr., New Orleans, for plaintiff.
William J. Guste, Jr., Atty. Gen., Jesse J. Marks, Asst. Atty. Gen., Chief, New Orleans Office, Jeffery M. Lynch, Asst. Atty. Gen., Robert A. Barnett, Asst. Atty. Gen., Louisiana Dept. of Justice, New Orleans, for defendants.
Before GARRISON, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Madeleine Johnson appeals the trial court's judgment dismissing her cause of action for false imprisonment against Mike Gambel, the State of Louisiana and the City of New Orleans on the theory of judicial immunity.
On August 7, 1985, Judge Miriam Waltzer accepted Madeleine Johnson's plea of guilty to a misdemeanor charge of theft and sentenced her to serve sixty days in Orleans Parish Prison with credit for time served. Judge Waltzer's minute clerk, Mike Gambel, filled out a commitment form and signed Judge Waltzer's name to it, advising the Criminal Sheriff that Madeleine Johnson had received a sentence of six months. At the time of Ms. Johnson's sentencing, criminal court judges had a practice of authorizing their minute clerks to sign their names to commitment forms. This practice is no longer tolerated.
*1211 Ms. Johnson filed a suit in Civil District Court alleging a false imprisonment cause of action and claiming damage against the minute clerk, the State of Louisiana and the City of New Orleans as the employers of the tortfeasor and also the Criminal Sheriff for his failure to ascertain the correct sentence.
Trial was held on May 17, 1990. Three witnesses testified in a thirty minute proceeding: Judge Miriam Waltzer, Mike Gambel and Madeleine Johnson. At the conclusion of evidence, the court indicated that the issue was solely a matter of law and took it under advisement.
On May 22, 1990 the court rendered judgment dismissing suit against Mr. Gambel, the State and the City on the theory of judicial immunity. Ms. Johnson does not appeal that portion of the judgment finding Sheriff Foti and Clerk of Court, Edwin Lombard free from wrongdoing, in that they were merely following the orders of the court.
Ms. Johnson argues that the trial court erred by failing to perform a "functional analysis" as mandated by Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) in determining whether Mike Gambel's act was cloaked with judicial immunity.
Ms. Johnson argues that the functional analysis required by Forrester mandates that no immunity should attach in favor of a clerk for the botching of his purely ministerial function. She quotes:
Suits for monetary damages are meant to compensate the victims of wrongful actions and to discourage conduct that may result in liability....
Aware of the salutary effects that the threat of liability can have, however as well as the undeniable tension between official immunities and the ideal of the rule of law, this court has been cautious in recognizing claims that government officials should be free of the obligation to answer for their acts in court. Running through our cases with fail consistency is a "functional approach" to immunity questions ... Under that approach, we examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions. Officials who seek exemption from personal liability have the burden of showing that such an exemption is justified by overriding considerations of public policy....
This Court has generally been quite sparing in its recognition of claims to absolute official immunity ... Administrative decisions, even though they may be essential to the very functioning of the courts, have not been similarly regarded as judicial acts....
We think it clear that Judge White was acting in an administrative capacity when he demoted others involved in supervising court employees and overseeing the efficient operation of a courtlike many others involved in supervising court employees and overseeing the efficient operation of a courtmay have been quite important in providing the necessary conditions of a sound adjudicative system. The decisions at issue, however were not themselves judicial or adjudicative....
Ms. Johnson argues that Mr. Gambel was performing a ministerial task which had been delegated to him, merely signing Judge Waltzer's name to a commitment form. She juxtaposes two cases which she insists sharpens the distinction between ministerial and discretionary: Eades v. Sterlinske, 810 F.2d 723 (7th Cir.) cert. denied, 484 U.S. 847, 108 S.Ct. 143, 98 L.Ed.2d 99 (1987) and Lowe v. Letsinger, 772 F.2d 308 (7th Cir.1985). The court in Eades wrote:
In Lowe we said that a court clerk enjoys absolute immunity where he is performing non-routine, discretionary acts akin to those performed by judges. There we said that the clerk of the court was not entitled to quasi-judicial immunity for allegedly concealing the entry of an order. The duty to type and send notice after entry of judgment, the facts in Lowe, is a nondiscretionary ministerial task. Here, defendants Ewald and Huff prepared *1212 and filed a false certificate summarizing an instruction conference that allegedly was never held, and altered the docket to reflect that falsity. In so doing, defendants Huff and Ewald breached their duties, and in that process exercised discretion. As such, their duties had an integral relationship with the judicial process and are cloaked by the traditional doctrine of judicial immunity. Id. p. 726.
Ms. Johnson argues that Mike Gambel's duties were identical to the court clerk's duties in Lowe; he exercised no discretion whatever but was simply performing the ministerial function delegated to him. In further arguing that a functional analysis is mandated, Ms. Johnson cites Scruggs v. Moellering, 870 F.2d 376 (7th Cir.), cert. denied ___ U.S. ___, 110 S.Ct. 371, 107 L.Ed.2d 357 (1989), a case decided subsequent to Forrester. Finding that a court reporter's duties are cloaked with judicial immunity, the court wrote that preparing a record on appeal:
is not a mechanical process, given the difficulty of accurately transcribing what often are rapid fire oral testimony and colloquy. Auxilliary judicial personnel who perform functions at once integral to absolute immunity from damages liability for acts performed in the discharge of those functions, just as judges are....
Ms. Johnson argues that her damage was the result of carelessness in performing a purely mechanical function in writing down what the judge had ordered in terms of sentencing. She argues that the court's decision in Lowe is conclusive; that the duty to type and send notice after entry of judgment is a nondiscretionary, ministerial task.
Ms. Johnson's interpretation of the law in this area is not correct. She would look to the isolated act that was performed in making the functional analysis. However that is not the law. Mr. Gambel argues that the court must determine whether the delegated duty of constructing and signing Madeleine Johnson's sentencing sheet is a judicial function or integral to the judicial process.
The case law cited by Ms. Johnson is clear. The doctrine of judicial immunity is designed to insulate the judiciary from liability in connection with the performance of their judicial functions. Whether an act is judicial in character does not depend on whether it is discretionary or ministerial. Mr. Gambel distinguishes Forrester from the instant case.
In Forrester, a judge was sued for damages by a disgruntled employee for discriminatory discharge. In holding that the judge was not entitled to judicial immunity, the court stated that administrative decisions regarding the employment conditions of court personnel, although important to functions of the court as a whole, were not judicial in character. To the contrary, in the case at bar, Mr. Gambel was charged with the duty to record the oral plea, prepare a sentencing sheet, and affix the judge's signature, thus formalizing the sentence imposed. Sentencing a criminal is the responsibility of the criminal court judge and is undoubtedly a judicial function. Because this authority was delegated to Mr. Gambel does not change the character of the act into a non-judicial one. Judicial functions may be delegated to court personnel. Dellenbach v. Letsinger, 889 F.2d 755, 761 (7th Cir.1989), cert. denied ___ U.S. ___, 110 S.Ct. 1821, 108 L.Ed.2d 950 (1990).
Mr. Gambel was performing a judicial function with an integral relationship to the judicial process. As a lower court official he is absolutely immune. See: Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir.1981), Mullis v. United States Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir.), cert. denied 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988), Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir.1988) and Dellenbach v. Letsinger, 889 F.2d 755, 762 (7th Cir.1989), cert. denied ___ U.S. ___, 110 S.Ct. 1821, 108 L.Ed.2d 950 (1990) and cases cited therein.
AFFIRMED.