633 So.2d 674 (1993)
Octavia JONES
v.
CITY OF HAMMOND POLICE DEPARTMENT and Officers Joseph Juhasz and Charles Pittman.
No. 93 CA 0751.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied March 25, 1994.
Richard H. Barker IV, New Orleans, for plaintiff-appellant Octavia Jones.
D. Blayne Honeycutt, Denham Springs, for defendant-appellee State.
John Feduccia, Hammond, for City of Hammond.
Before LOTTINGER, C.J., and EDWARDS and WATKINS, JJ.
LOTTINGER, Chief Judge.
Plaintiff, Octavia Jones, appeals the dismissal of her suit against the State of Louisiana through the City Court of Hammond on the peremptory exception raising the objections of no right of action and no cause of action.

FACTS
In a third amended petition, plaintiff alleges that:
[D]efendant, the State of Louisiana, through the City Court of the City of Hammond and its employees, unreasonably required plaintiff to attend and to participate in each and every phase of a criminal proceeding when she was not reasonably mentally or physically fit to do so. At all times material hereto, the defendant, The (sic) State of Louisiana and its employees, knew or should have known of plaintiff's condition.
As the petition related to the City Court for the City of Hammond, plaintiff refers to employees and staff of the court.

DISCUSSION
Those functions performed by the employees and staff of the City Court for the City of Hammond as particularized in plaintiff's petition are judicial in character, i.e. the requiring of attendance at a court hearing or arraignment, the conduct of plaintiff in the courtroom, and other performances of their employment relating to court appearances.
We are cited to La.R.S. 9:2798.1, the statute establishing immunity for policy making, *675 discretionary acts or omissions of public entities or their officers or employees. We decide however to rest our decision on the doctrine of judicial immunity. "The doctrine of judicial immunity is designed to insulate the judiciary from liability in connection with the performance of their judicial functions. Whether an act is judicial in character does not depend on whether it is discretionary or ministerial." Johnson v. Foti, 583 So.2d 1210, 1212 (La.App. 4th Cir.1991). The alleged employees were performing judicial functions, and as such the City Court of the City of Hammond is immune from liability. This immunity extends to the State of Louisiana.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.