966 So.2d 652 (2007)
Julie HUTH
v.
Gordon PICKERING, C & L Picks Auto Parts 2, Inc. and American Casualty Company of Reading, PA.
No. 07-CA-181.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2007.
*653 Robert G. Harvey, Sr., Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Gregory W. Roniger, Law Offices of Sheryl Story, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, GREG G. GUIDRY, and JAMES C. GULOTTA, Pro Tempore.
THOMAS F. DALEY, Judge.
Plaintiff, Julie Huth, appeals the dismissal of her lawsuit on defendants' Exception of Prescription. At issue is the application of LSA-R.S. 9:5822, which the legislature enacted to suspend all prescriptive periods in proceedings in the state as a result of the effects of Hurricanes Katrina and Rita.
Plaintiff's petition alleges that she sustained injuries in a motor vehicle accident on December 14, 2004. Plaintiff's suit was filed on January 4, 2006, which, on the face of the pleading, makes the claim prescribed.
In Morris v. Westside Transit Line, 02-1029 (La.App. 5 Cir. 2/25/03), 841 So.2d 920, 924, this Court stated the law governing prescription:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. See, Lima v. Schmidt, 595 So.2d 624, 629 (La.1992). Of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the obligee's claim. Id., 595 So.2d at 629.
The burden of proof of showing prescription is generally on the exceptor. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show suspension, interruption or renunciation. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993); Castaneda v. Louisiana Ins. Guar. Ass'n, 95-29 (La.App. 5 Cir. 5/30/95), 657 So.2d 338, 339, writ denied, 95-2097 (La.11/17/95), 663 So.2d 715.
LSA-R.S. 9:5822, which was passed by the legislature in ratification of the Governor's Emergency Orders following Hurricanes Katrina and Rita, states, in pertinent part:
§ 5822. Suspension and extension of prescription and peremption; exceptions
A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.
Plaintiff's case clearly falls within R.S. 9:5822, as plaintiff's claim would have expired on December 14, 2005. At issue is the language in R.S. 9:5822, which states that the limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action that would have expired during the time period of August 26, 2005, through January 3, 2006, *654 shall lapse on January 4, 2006. Plaintiff's suit was filed on January 4, 2006.
The statute clearly states that it is the "limited suspension and/or extension" that shall terminate on January 3, while it is the "right, claim, or action" that shall lapse on January 4, 2006.[1] LSA-C.C. art. 3492 states that prescription commences to run again upon the termination of the period of suspension. In deciding this case, we are guided by several factors. First, is the fact that LSA-R.S. 9:5822 clearly distinguishes the two things, the suspension of prescription versus the lapsing of the right, claim, or action. Second, is the directive of LSA-C.C. art. 3472, which states that "the period of suspension is not counted toward the accrual of prescription." Third, jurisprudence holds that prescriptive statutes are strictly construed against prescription. Lima v. Schmidt, Id. (noting that if there are two possible constructions of a prescription statute, one that would maintain the cause of action and one that would bar the cause of action, the cause of action should be maintained). These factors direct us to the conclusion that plaintiff had until January 4, 2006 to timely file her claim. Accordingly, her suit was timely.
We recognize the case of Failla v. Dynasty Distributors, Inc., 2006 WL 1581217 (E.D.La.6/6/06), which recognized that a suit subject to LSA-R.S. 9:5822 filed on January 3, 2006 was timely. That case, however, did not address the significance of the January 4, 2006 date contained in the statute, and therefore is of little guidance to this Court.
This Court also notes the case of Cipriano v. Pulitzer, 07-10 (La.App. 4 Cir. 5/23/07), 959 So.2d 558. However, that case can be factually distinguished. There, plaintiff's cause of action accrued in April of 2006, which brought the case outside the scope of LSA-R.S. 9:5822. The court found that suit timely, however, under LSA-C.C. art. 3472.
Accordingly, the Exception of Prescription is reversed, and the case remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Lapse is defined in Black's Law Dictionary, Fifth Edition, as "the expiration of a right . . . upon the expiration of a period of time" and "the termination or failure of a right or privilege through neglect to exercise it within some limit of time. . . ."