981 So.2d 156 (2008)
Arevel JACKSON
v.
JEFFERSON PARISH CLERK OF COURT, Jon A. Gegenheimer; National Union Fire Insurance Company of Pittsburgh, PA.; and Rose Phillips.
No. 07-CA-963.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
Rehearing Denied May 12, 2008.
*158 Thomas G. Wilkinson, Attorney at Law, Gretna, LA, for Plaintiff/Appellant.
Kim Raines, Chatelain E. John, Litchfield Carey Daste, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Robert E. Kerrigan, Jr., Jonathan M. Walsh, David K. Groome, Jr., Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiff, Arevel Jackson, appeals a judgment dismissing his suit filed against the Defendants, the Jefferson Parish Clerk of Court, Jon A. Gegenheimer (Clerk of Court); his insurer, National Union Fire Insurance Company of Pittsburgh, PA (National); and Rose Phillips, his employee, a criminal minute clerk. We affirm.
In 1995, the Plaintiff pled guilty to felony charges and was sentenced to fifteen years. In 1999, he was released from prison and placed on supervised parole until 2009.
In May of 2000, the Defendant and two others were arrested and charged with possession of stolen things valued from $100-$500. The Plaintiff was released on bond on May 26, 2000. An appearance date was set for July. On that date, he pled not guilty. He failed to appear on the next date for his appearance in August of 2000. An attachment was issued, and subsequently recalled when he was arrested in October of 2000.
On December 5, 2000, the Plaintiff and his criminal co-defendant, Jeremiah Saylor, appeared before the district court of *159 Division "D." At that time, Saylor pled guilty. The Plaintiff, through court appointed counsel, requested a continuance, which was granted. In error, however, the criminal minute clerk for the division, Rose Phillips, filed a minute entry into the Plaintiff's record, stating that, like Saylor, the Plaintiff had pled guilty to the charge. As a result of the erroneous minute entry, the Plaintiff was notified on February 14, 2001, by the Department of Public and Safety and Corrections (Department of Corrections) that his parole was being revoked due to the new conviction.
The Plaintiff was held in Jefferson Parish Correctional Center until February 5, 2002, when he was transferred to the custody of the Department of Corrections.
In February of 2004, the Plaintiff filed a Motion to Correct an Illegal Sentence. In that motion, he asserts he was being held by the Department of Corrections based on the "24th Judicial District Court error in the minutes (sic) entry on Dec. 5, 2000." His request was denied. The Plaintiff remained incarcerated until May 26, 2005. Thus, he spent four years in jail without cause due to the minute clerk's error.
The Plaintiff filed suit against the Defendants on May 16, 2006. National filed an exception of prescription and an exception of no cause of action, based on judicial immunity. In September of 2007, the trial judge granted both exceptions.
On appeal, the Plaintiff contends that his claim for damages is not barred by prescription, and that Ms. Phillips is not protected from suit by judicial immunity.
PRESCRIPTION
The Plaintiff asserts that although he knew his parole had been revoked in error, he did not know that the error was due to the Ms. Phillips' error until he hired an attorney upon his release from prison. He contends that, although he had knowledge of his damages (incarceration), until he discovered the reason for the revocation, he did not have knowledge of the delict. Furthermore, he raises the doctrine of contra non valentem, contending that he was not able to discover his cause of action while he was in prison because of lack of resources.
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. See, Lima v. Schmidt, 595 So.2d 624, 629 (La.1992).
The party alleging prescription has the burden of proving the exception, except when the prescription is evident on the face of the pleadings. Then, the burden shifts to the plaintiff to show suspension, interruption or renunciation. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993); See: Morris v. Westside Transit Line, 02-1029, p. 4 (La.App. 5 Cir. 2/25/03), 841 So.2d 920, 924, and Hugh v. Pickering, 07-181, pp. 3-4 (La.App. 5th Cir.8/28/07), 966 So.2d 652, 653.
On the trial of a peremptory exception of prescription pled prior to trial on the merits, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La.C.C.P. art. 931. When such evidence is introduced, the trial court's findings of fact are reviewed under the manifest error standard. Omega Center for Pain Management, L.L.C. v. Omega Institute of Health, Inc., 07-558 (La.App. 5 Cir. 12/27/07), 975 So.2d 48, 51; Waguespack v. Judge, 04-137, p. 4 (La.App. 5 Cir. 6/29/04), 877 So.2d 1090, 1092. In the *160 absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations of fact are accepted as true. Waguespack, 04-137 at p. 4, 877 So.2d at 1092.
The doctrine of contra non valentem provides that prescription does not run against one who is ignorant of the facts upon which their cause of action is based, and is an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. See: Eastin v. Entergy Corp., 03-1030, pp. 6-7 (La.2/6/04), 865 So.2d 49, 55; State Bd. of Ethics v. Ourso, 02-1978, p. 4 (La.4/9/03), 842 So.2d 346, and Reeder v. North, 97-0239, pp. 12-13 (La.10/21/97), 701 So.2d 1291, 1298.
There are four situations in which the doctrine of contra non valentem can suspend the running of prescription:
(1) where there was some legal cause which prevented courts or their officers from taking cognizance of or acting on plaintiffs action;
(2) where there was some condition coupled with contract or connected with proceedings which prevented creditor from suing or acting;
(3) where defendant himself has done some act effectually to prevent plaintiff from availing himself of his cause of action; and
(4) where some cause of action is not known or reasonably knowable by plaintiff, even though his ignorance is not induced by defendant.
Renfroe v. State ex rel. Dept. of Transp. and Development, 01-1646, p. 9 (La.2/26/02), 809 So.2d 947.
The doctrine of contra non valentem applies only in exceptional circumstances, and must be strictly construed. Id. The doctrine does not exempt the plaintiff if the plaintiff's ignorance is attributable to the plaintiff's own willfulness or neglect. A plaintiff "will be deemed to know what he could by reasonable diligence have learned." Corsey v. State of Louisiana, Through the Department of Corrections, 375 So.2d 1319, 1322 (La. 1979).
In this case, the Plaintiff's parole was revoked in 2001. The letter informing him of the revocation stated it was because of his conviction, although he knew the case was still pending, and an error had been committed. He took no investigative action or contacted his attorney. In 2004, while imprisoned, he filed a motion to correct an illegal sentence, because of the error, but again, he failed to take further action when the motion was denied.
The trial judge found, and we agree, that the mere fact that the Plaintiff was in prison is not an excuse for failing to file suit timely. See, McCoy v. City of Monroe, 32,521 (La.App. 2 Cir. 12/8/99), 747 So.2d 1234; Lloyd v. Howard, 566 So.2d 424, (La.App. 3 Cir.1990); and Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319 (La.1979). In McCoy, a prisoner sought damages from the district attorney's office for obtaining a conviction against him under an unlawful indictment. The contra non valentem doctrine was found not applicable to toll prescription. Likewise, in Lloyd. There, the court declined to apply the doctrine although the injured prisoner claimed she was unable to file suit because of veiled threats by the Sheriff. In Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319 (La.1979), the court found prescription tolled by the doctrine of contra non valentem. However, it did so because the prisoner was injured so badly by the defendant that he had been incapable of understanding what *161 had happened to him and was not aware of his legal remedies.
The plaintiff's allegations arise from a criminal prosecution. However, this is a civil matter currently before us, and we must follow the civil law on prescription. Unfortunately, the Plaintiff's action was clearly prescribed when the Plaintiff filed suit. Since no legal cause prevented the courts from acting, no condition connected with the proceedings prevented him from acting, and the Defendants did not act to prevent the Plaintiff from availing himself of his cause of action, contra non valentem is not applicable. The fact that he waited until he was released to obtain counsel to investigate the matter does not fall into any of the exceptions to the running of prescription. Most importantly, the Plaintiff knew of his cause of action, or the cause of action was reasonably knowable, when he was erroneously sent back to prison for violating his parole due to a nonexistent conviction. This is evidenced by his motion to correct illegal sentence in 2004. Thus, we find that the trial judge did not err in granting the peremptory exception of prescription.
JUDICIAL IMMUNITY
La.R.S. 13:760 states:
No clerk of court and no deputy of such officer who performs any act or issues any order in conformity with the written order or judgment of any judge of a court in this state shall be liable in either his individual or official capacity to any person, firm, or corporation for any damage as the result of such action. This exemption from liability shall extend to any surety or liability insurance carrier of such officer.
The Plaintiff argues that the mistake made by the minute clerk was "not in conformity with the written order or judgment" of the trial judge, and thus not subject to the clerk of court's immunity.
In Johnson v. Foti, 583 So.2d 1210, 1212 (La.App. 4 Cir.1991), the court held that a criminal minute clerk who made an error in the plaintiff's sentencing term had absolute immunity from liability from his acts, because he was performing a judicial function. The courts have subsequently applied the Johnson reasoning to judicial staff of a city court in Jones v. City of Hammond Police Dept., 93-0751 (La.App. 1 Cir. 12/29/93), 633 So.2d 674, 675; and to administrative boards and commissions that perform judicial functions in Doe v. Foti, 93-1337 (La.App. 4 Cir. 3/15/94), 634 So.2d 58, 60.
In light of the above, we find that Ms. Phillips and the Clerk of Court have absolute judicial immunity under these facts. Thus, even if the action had not prescribed, the Plaintiff failed to allege a cause of action against the Defendants. Thus, the trial judge did not err in denying the Defendants' exception of no cause of action.
Accordingly, the judgment of the trial judge is hereby affirmed.
AFFIRMED.
EDWARDS, J., dissents.
EDWARDS, J., dissents.
I dissent from the majority opinion. This plaintiff was illegally imprisoned on February 5, 2002 because of a gross error by the trial court. In February of 2004, plaintiff filed a Motion to Correct an Illegal Sentence based on the erroneous minute entry. To exacerbate matters, the trial court denied that motion. Consequently, this plaintiff remained incarcerated without legal cause until May 26, 2005.
Defendants have raised exceptions of prescription and judicial immunity, which were granted by the trial court and affirmed by the majority opinion of this *162 Court. In this difficult case, defendants' arguments are well developed and well presented. However, I cannot find justice in this outcome.
This plaintiff was imprisoned without a judgment of the trial court and left without recourse. He was imprisoned without resources or legal representation. He did what he could by filing a motion to correct his sentence.
In my view, the facts of this case show that there was a condition connected with the proceedings which prevented the plaintiff from acting. Consequently, I find the doctrine of contra non valentem is applicable and suspended the running of prescription. I am aware that this doctrine is only used in exceptional circumstances and must be strictly construed. However, I cannot envision a set of circumstances more exceptional or more fitting the application of the doctrine of contra non valentem.
Further, I am not persuaded by the defense of judicial immunity. LSA-R.S. 13:760 provides in pertinent part that
No clerk of court and no deputy of such officer who performs any act or issues any order in conformity with the written order or judgment of any judge of a court in this state shall be liable in either his individual or official capacity. . . .
(Emphasis added.)
The action by the criminal clerk in the matter before us was not in conformity with a written order or judgment of the trial judge. I find the case relied upon by the majority opinion on the issue of judicial immunity distinguishable. In Johnson v. Foti[1], the minute clerk made an error in the sentencing term, and was given immunity. However, in Johnson, there was an order by the trial judge accepting defendant's guilty plea. There is no such order in this case, because a plea of guilty was not entered. Further, there was no trial, no jury or judge finding of guilt, and no conviction. Therefore, there was no order or judgment of the court to trigger the judicial immunity of LSA-R.S. 13:760.
For the foregoing reasons, I would reverse the trial court's judgment that granted the exceptions and remand the matter for further proceedings.
EDWARDS, J., dissents.
NOTES
[1] 583 So.2d 1210 (La.App. 4 Cir.1991).