JOHN FREEMAN WILLIAMS
v.
NEW ORLEANS POLICE DEPARTMENT, OFFICER DONALD NIDE, AND THEIR LIABILITY INSURANCE COMPANY
No. 2009-CA-0685
Court of Appeals of Louisiana, Fourth Circuit.
October 14, 2009.
Not Designated for Publication
PENYA MOSES-FIELDS, City Attorney, NOLAN LAMBERT, Chief Deputy City Attorney, ISAKA WILLIAMS, Assistant City Attorney, BRIAN BRADFORD, Law Clerk, Counsel for City of New Orleans.
JOHN FREEMAN WILLIAMS, In Proper Person Defendant/Appellant.
Court composed of Judge McKAY, III, Judge, BAGNERIS, Sr., and Judge, LOMBARD.
DENNIS R. BAGNERIS, Sr. Judge.
This appeal stems from an action for false arrest, false imprisonment, malicious prosecution and abuse of process filed by pro se plaintiff, John Freeman Williams, against defendants, the New Orleans Police Department, Officer Donald Nide, and their insurer. Plaintiff appeals the trial court's granting of an exception of prescription in favor of defendants. For the reasons set forth below, we affirm in part, reverse in part, and remand to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY:
On May 13, 2003, plaintiff was arrested by Officer Donald Nide on various drug charges. On September 22, 2003, the case against plaintiff was dismissed, and plaintiff was released. In October of 2003, the State of Louisiana re-filed the case against plaintiff, with additional charges. Plaintiff failed to appear for his arraignment on October 20, 2003, and a warrant was issued. On February 12, 2005, plaintiff was arrested on the warrant. Plaintiff remained in custody until December 6, 2006, when the charges were dismissed.
Plaintiff filed the present suit on November 21, 2007. In response, defendants filed a peremptory exception of prescription. Plaintiff opposed the exception of prescription on the basis that the one-year prescriptive period did not begin to run until he was released from custody on December 6, 2006; and, therefore, the November 21, 2007 filing was timely.
On January 30, 2009, judgment was rendered granting the exception of prescription. Plaintiff's timely devolutive appeal followed.[1]

DISCUSSION:
Delictual actions generally are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription begins to run when damage to the plaintiff has manifested itself with sufficient certainty to support accrual of a cause of action. La. C.C. art. 3492; Cameron Parish School Bd. v. Acands, Inc., 96-0895, p. 6 (La. 1/14/97), 687 So.2d 84, 88. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. Lima v. Schmidt, 595 So.2d 624, 629 (La. 1992).
When the face of the petition shows the prescriptive period has already elapsed, the plaintiff has the burden of establishing that suspension, interruption, or renunciation of prescription has occurred. Ferguson v. Sugar, XXXX-XXXX, p. 20 (La. App. 4 Cir. 6/25/08), 988 So.2d 816, 830, writ denied, 2008-2179 (La. 12/12/08), 996 So.2d 1118. Here, the action appears to be prescribed on its face; the burden is on plaintiff to prove the suspension or interruption of the prescriptive period.
Our jurisprudence has recognized a clear distinction between actions for false imprisonment and those for malicious prosecution. Kelly v. West Cash & Carry Bldg. Materials Store, 99-0102, p. 28 (La. App. 4 Cir. 10/20/99), 745 So.2d 743, 760. In a false imprisonment action, the arrest is made either without any legal process or warrant, or under a warrant null upon its face. In a malicious prosecution action, the proceedings are had in pursuance of legal process, maliciously and wrongfully obtained. Id., citing DeBouchel v. Koss Const. Co., Inc., 149 So. 496, 497 (La. 1933).

Malicious Prosecution, Abuse of Process:[2]
It is well established in our jurisprudence that a cause of action for malicious prosecution does not arise until the termination of the prosecution. Id.; Matthews v. City of Bossier City, 42,202, p. 7 (La. App. 2 Cir. 8/15/07), 963 So.2d 516, 520 (citing Walls v. State, 670 So.2d 382 (La. App. 3d Cir.1996); Murray v. Town of Mansura, XXXX-XXXX, p. 7 (La. App. 3 Cir. 9/29/06), 940 So.2d 832, 838. A dismissal or abandonment of prosecution by the district attorney is considered a termination of the proceedings in favor of the petitioner for purposes of a claim for malicious prosecution. Engrum v. Boise Southern Co., 512 So.2d 594, 597 (La. App. 3 Cir. 1987).
In the present case, plaintiff is correct in his assertion that his cause of action for malicious prosecution and abuse of process did not come into existence until the charges against him were dismissed on December 6, 2006. Thus, plaintiff's action for malicious prosecution and abuse of process, filed within one year of the dismissal of the case against him, has not prescribed, and the trial court erred in granting the exception of prescription as to that action.

False Arrest; False Imprisonment:
Plaintiff argues that prescription on the action for false arrest and false imprisonment, like the action for malicious prosecution, did not begin to run until he was released from custody, citing DeBouchel. In DeBouchel, the plaintiff asserted claims for false imprisonment and malicious prosecution. The Supreme Court held that the false imprisonment cause of action, which includes a claim of false arrest, arose on the day on which plaintiff was arrested and released from prison.
Defendants counter that prescription on the false arrest and false imprisonment cause of action began to run against plaintiff on the date of his arrest. Defendants submit that DeBouchel is distinguishable from the instant case because in DeBouchel, the plaintiff was arrested and released on the same day. Defendants argue that DeBouchel does not address a situation, as in the present case, where a plaintiff is released on a day subsequent to the arrest. We agree.
Recently, in Jackson v. Jefferson Parish Clerk of Court, XXXX-XXXX (La. App. 5 Cir. 4/15/08), 981 So.2d 156, the plaintiff filed a lawsuit against the Jefferson Parish Clerk of Court, his insurer, and a criminal minute clerk, seeking damages resulting from his incarceration that allegedly resulted from an erroneous minute entry indicating that plaintiff had pled guilty to possession of stolen property, when he had not done so, which resulted in revocation of plaintiff's parole. The plaintiff remained incarcerated until May 26, 2005. Thus, he spent four years in jail without cause due to the minute clerk's error. Plaintiff filed suit against the defendants on May 16, 2006. The insurer filed an exception of prescription, which was granted by the trial court.
The Fifth Circuit Court of Appeal affirmed the trial court's granting of the exception of prescription based on a finding that the plaintiff did not prove that the doctrine of contra non valentem applied to the facts of the case to interrupt or suspend prescription. The court rejected plaintiff's contention that he was not able to discover his cause of action while he was in prison because of lack of resources. More specifically, the court stated:
The trial judge found, and we agree, that the mere fact that the Plaintiff was in prison is not an excuse for failing to file suit timely. See, McCoy v. City of Monroe, 32,521 (La.App. 2 Cir. 12/8/99), 747 So.2d 1234; Lloyd v. Howard, 566 So.2d 424, (La.App. 3 Cir.1990); and Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319 (La.1979). In McCoy, a prisoner sought damages from the district attorney's office for obtaining a conviction against him under an unlawful indictment. The contra non valentem doctrine was found not applicable to toll prescription. Likewise, in Lloyd. There, the court declined to apply the doctrine although the injured prisoner claimed she was unable to file suit because of veiled threats by the Sheriff. In Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319 (La.1979), the court found prescription tolled by the doctrine of contra non valentem. However, it did so because the prisoner was injured so badly by the defendant that he had been incapable of understanding what had happened to him and was not aware of his legal remedies.
Jackson, XXXX-XXXX, p. 6, 981 So.2d at 160-161. Plaintiff's supervisory writ to the Louisiana Supreme Court was denied. Jackson v. Jefferson Parish Clerk of Court, XXXX-XXXX (La. 10/31/08), 993 So.2d. 219.[3]
In the present case, as in Jackson, the question of prescription on the false arrest/false imprisonment cause of action hinges on whether the doctrine of contra non valentem is applicable to plaintiff's case.
Under the judicially created doctrine of contra non valentem, prescription is suspended (1) when there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) when there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of this cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Renfroe v. State ex rel. Dept. of Transp. and Development, XXXX-XXXX, p. 9 (La. 2/26/02), 809 So.2d 947, 953. The doctrine of contra non valentem applies only in exceptional circumstances, and must be strictly construed. Id. The doctrine does not exempt the plaintiff if the plaintiff's ignorance is attributable to his own willfulness or neglect. A plaintiff will be deemed to know what he could by reasonable diligence have learned. Id., p. 10, 809 So.2d at 953.
A plaintiff bears the burden of proving one of the foregoing situations applies in order to defeat an exception of prescription on the basis of contra non valentem. Maurice v Prudential Ins. Co., XXXX-XXXX, p. 7 (La. App. 4 Cir. 10/23/02), 831 So.2d 381, 386. On appeal in this matter, plaintiff argues that the fourth category of contra non valentem, commonly referred to as the discovery rule, is relevant. Plaintiff contends that he was the victim of an unlawful stop and arrest on May 13, 2003. However, plaintiff has set forth nothing to show that his cause of action for false arrest and false imprisonment was not "reasonably knowable". Clearly, plaintiff was not ignorant of the facts upon which his cause of action is based, and there is no evidence that plaintiff was prevented from availing himself of his cause of action while incarcerated. In sum, plaintiff has failed to carry his burden of proving prescription was suspended. Accordingly, the exception of prescription was properly granted with respect to the action for false arrest and false imprisonment.

CONCLUSION:
After reviewing the record and applying the applicable law and evidence, we find no error in the trial court's granting of the exception of prescription with respect to the false arrest and false imprisonment claim. We find, however, that the trial court erred in granting the exception of prescription on the claims of malicious prosecution and abuse of process. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
NOTES
[1] Plaintiff also filed a writ application from the trial court's judgment. The writ application was not considered in light of this appeal also being filed. John Freeman Williams v. New Orleans Police Dept., et al., XXXX-XXXX (La. App. 4 Cir. 5/15/09), unpub.
[2] The elements of an action for malicious prosecution are: (1) Commencement or continuance of a criminal proceeding; (2) Legal causation by defendant against plaintiff; (3) Bona fide termination in favor of present plaintiff; (4) Absence of probable cause; (5) Presence of malice; and (6) Damage resulting to plaintiff. Miller v. East Baton Rouge Parish Sheriff's Dept., 511 So.2d 446 (La. 1987); Sam Z. Scandaliato & Assoc., Inc. v. First Eastern Bank, 629 So.2d 1347 (La. App. 4 Cir. 1993). "Abuse of process involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law. At issue in such actions is the intent to use a legal process for an improper reason, not the statements made. In both malicious prosecution and abuse of process, the crux of the action is not the statements made but the fact that a proceeding was maliciously and/or illegally pursued." Goldstein v. Serio, 496 So.2d 412, 415 (La. App. 4 Cir.1986). (citations omitted).
[3] We note that in dissent, Justice Johnson opined that the doctrine of contra non valentem should be applied to the facts of the case to suspend the running of prescription. Furthermore, Justice Johnson stated that she would have granted the writ in Jackson to address the split in the state and federal jurisprudence that has developed since DeBouchel. Specifically, Justice Johnson stated "in DeBouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933), this Court suggested that the prescriptive period for a claim of false imprisonment would not begin to run until the time of release. In DeBouchel, this Court considered the defendant's exception of prescription in a false imprisonment case. This Court held that "[a]s respects the demand for damages for false imprisonment, the damage and the cause of action therefor arose on the same day, namely, June 5, 1931, which is the day on which plaintiff was both falsely imprisoned and then released from prison." A brief review of state and federal jurisprudence reflects that other courts have interpreted our holding in DeBouchel as providing that prescription on false imprisonment claims begins to run on the date the imprisonment is terminated. Admittedly there is some jurisprudence which appears to depart from the holding of these cases, finding that the prescriptive period for false imprisonment runs from the first day of the unlawful imprisonment. [See for example: Buvens v. Buvens, 286 So.2d 144 (La.App. 3rd Cir. 1973); McCoy v. City of Monroe, 32,521 (La.App. 2nd Cir. 12/8/99), 747 So.2d 1234]. However, the fact that there is an apparent split in the circuits on this issue is sufficient reason, in my mind, to grant this writ application." Jackson, XXXX-XXXX, pp. 2-3, 993 So.2d at 220.