# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2014

Lyle W. Cayce
Clerk

ROBERT MCGUIRE, JR.,

Plaintiff–Appellant

v.

JERRY LARPENTER, Sheriff, Terrebonne Parish; MICHAEL GARNER, Narcotics Agent, Terrebonne Parish; CHARLES JACKSON, Lt, Narcotics Agent, Terrebonne Parish; ERIC VILLAVASO, Narcotics Agent, Terrebonne Parish; JUAN PICKETT, Asst. D.A., Terrebonne Parish; DARRYL STEWART, Captain Narcotics Agents, Terrebonne Parish,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. No. 2:13-CV-6093

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

## I.    INTRODUCTION AND BACKGROUND

Plaintiff–Appellant Robert McGuire, Jr. waited in jail for nearly a year for a trial that never came; the district attorney eventually dropped the case.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30498

About a year after his release, McGuire sued five law-enforcement officers and the district attorney (collectively "Defendants") for damages under 42 U.S.C. § 1983. In his pro se complaint, McGuire alleges that the district attorney and law enforcement arrested him based on spurious "hearsay evidence" to induce him to provide information on an acquaintance of his who was the target of an ongoing drug investigation. McGuire asserts that his arrest and detention were unlawful and that Defendants thereby deprived him of his constitutional rights. The district court granted summary judgment against McGuire because his § 1983 claims were time-barred. We affirm.

## II.   JURISDICTION, STANDARD OF REVIEW, AND APPLICABLE LAW

The district court had jurisdiction under 28 U.S.C. § 1331, and this Court has jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291. We review de novo a district court's decision to grant summary judgment on a time-barred claim. *In re Hinsley*, 201 F.3d 638, 644 (5th Cir. 2000).

We apply federal and state law to determine whether the § 1983 limitations period has run. *See Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007). The question of when a § 1983 cause of action first accrues "is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period for § 1983 claims in federal court is governed by state law, and we apply the limitations period that "the state would apply in an analogous action in its courts." *Bourdais*, 485 F.3d at 298. Accordingly, because the operation of a state's limitations period "is understood fully only in [its] context," the Supreme Court instructs federal courts to also borrow the state's rules with respect to tolling. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485–86 (1980) (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 463–64 (1975)).

No. 14-30498

## III.   DISCUSSION

The issue on appeal is whether McGuire's § 1983 claims are time-barred. Under applicable Louisiana law and Fifth Circuit precedent, the limitations period for McGuire's § 1983 claims is one year. *See Bourdais*, 485 F.3d at 294 (citing La. Civ. Code art. 3492).

### A.   The District Court's Decision

The district court liberally construed McGuire's pro se complaint to allege an injury in the form of an "unlawful arrest and incarceration." Quoting *Edmonds v. Oktibbeha County, Mississippi*, 675 F.3d 911, 916 (5th Cir. 2012), the district court concluded that the limitations period started running when McGuire was arrested because the "statute of limitations under § 1983 begins to run the moment the plaintiff becomes aware that he has suffered an injury." McGuire was arrested on November 4, 2011, and incarcerated on November 9, 2011. "Thus," the district court found that "the injuries at issue were sustained nearly two years before suit was filed, well outside the one-year limitation." In the alternative, the district court noted that McGuire was released on October 3, 2012, making his complaint "tendered for filing on October 7, 2013," "untimely" even if the limitations period did not start to run until he was released.

### B.   The Parties' Arguments

On appeal, McGuire takes issue with this last point. McGuire asserts that he "filed his claim on October 3, 2013." Indeed, McGuire's pro se complaint is dated October 3, 2013, but it is postmarked October 4, 2013, and stamped as filed with the clerk's office on October 7, 2013. McGuire argues the district court improperly resolved this factual dispute against him on summary judgment.

The Defendants counter that McGuire "knew that he had suffered an injury and/or had sufficient information to know that he had been injured"

3

when he was arrested in 2011, because he "immediately began to assert he was innocent of the charges." Thus, Defendants argue that McGuire's October 2013 complaint was untimely.

## C.    Analysis

The district court erred when it concluded that McGuire's §1983 claims "accrued" and that the limitations period started to run as soon as McGuire was arrested. In *Wallace v. Kato*, the Supreme Court distinguished the circumstance in which a suspect is unlawfully arrested *without* a warrant, from the circumstances in this case, in which McGuire was allegedly unlawfully arrested under a warrant for his arrest. *See* 549 U.S. at 388–89. If a suspect is unlawfully arrested under a warrant, the Court held that the limitations period begins to run when the suspect's "false imprisonment c[omes] to an end," which occurs when the suspect "appear[s] before the examining magistrate and [is] bound over for trial." *Id.* at 389.

Therefore, even assuming, as McGuire asserts, that the complaint was filed on October 3, 2013, McGuire's § 1983 claim is time-barred. McGuire was arraigned before a magistrate on November 9, 2011, more than one year before he filed his complaint. The limitations period began much earlier than his release from detention, as the Supreme Court made clear in *Wallace v. Kato*. *See* 549 U.S. at 390 ("[P]etitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected.").

Moreover, Louisiana law does not toll the limitations period for McGuire's § 1983 claims for the time that he was in prison. Louisiana's civil law system's limitations period is called "prescription," and the only potentially applicable exception to prescription is "suspension" of the prescription period under the doctrine *contra non valentem*, which provides that a prescription period does not run against one who is unable to act. *Jackson v. Jefferson*

No. 14-30498

*Parish Clerk of Court*, No. 07-963, at *4–5 (La. App. 5 Cir. 4/15/08); 981 So. 2d 156, 159–60 (La. Ct. App.), *writ denied*, 2008-1150 (La. 10/31/08); 993 So. 2d 219. "The doctrine of *contra non valentem* applies only in exceptional circumstances, and must be strictly construed." *Id.* at *6.

In *Jackson*, a Louisiana intermediate appellate court squarely rejected the argument that imprisonment "suspends" the prescription period under the doctrine of *contra non valentem*:

> [*C*]*ontra non valentem* is not applicable. The fact that [the Plaintiff] waited until he was released to obtain counsel to investigate the matter does not fall into any of the exceptions to the running of prescription. Most importantly, the Plaintiff knew of his cause of action, or the cause of action was reasonably knowable, when he was erroneously sent back to prison for violating his parole due to a non-existent conviction. . . . Thus, we find that the trial judge did not err in granting the peremptory exception of prescription.

*Id.* at *7.[1] Thus, *Jackson* forecloses the possibility that *contra non valentem* suspends or tolls the prescription period for McGuire's § 1983 claims.

In sum, McGuire could have filed suit under § 1983 as soon as he was allegedly unlawfully arrested in November 2011, *see Wallace*, 549 U.S. at 388, and the limitations period started to run when he was arraigned before the magistrate on November 9, 2011, *see id.* at 391. Because McGuire filed suit after November 9, 2012 (at the earliest on October 3, 2013), his delay—understandable though it may be—dooms his § 1983 claims.

---

[1] Notably, the Louisiana Supreme Court denied the writ of review in *Jackson* over a dissent that pointed out the injustice of this rule. *Jackson v. Jefferson Parish Clerk of Court*, No. 2008-1150, at *2 (La. 10/31/08), 993 So. 2d 219, 219–20 (Johnson, J., dissenting) ("I find the result reached by the lower courts to be unjust. Plaintiff was imprisoned without a judgment of the trial court and left with no recourse. Plaintiff was imprisoned with limited access to resources or legal representation. . . . Thus, I would hold that the doctrine of *contra non valentem* applies in this case to suspend the running of prescription."). No subsequent Louisiana case has revisited this issue, and we are powerless to adopt a rule contrary to Louisiana case law.

No. 14-30498

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM.