615 So.2d 1112 (1993)
STATE of Louisiana DEPARTMENT OF SOCIAL SERVICES and Annette Matthews
v.
Warren MATTHEWS.
No. 92-CA-1038.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
John M. Mamoulides, Dist. Atty., Pat Hand and Dorothy A. Pendergast, Asst. Dist. Attys., 24th Judicial Dist., Parish of Jefferson, Gretna, for appellant.
Before GAUDIN, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a petition to prove paternity and to obtain child support from Warren Matthews. The petition was filed on behalf of the State of Louisiana, Department of Social Services (the state) pursuant to La.R.S. 46:236.1(B)(1), (C-E) since the mother, Annette Matthews, was receiving Aide to Families with Dependent Children. The petition alleged the minor child, Wynette Carey, was born out of wedlock to Mr. and Mrs. Matthews in Louisiana *1113 on September 22, 1978. Warren Matthews filed exceptions of lack of jurisdiction over the person, res judicata, no cause of action and no right of action. The trial judge overruled all exceptions except for res judicata. That exception was maintained and suit was dismissed. Only the state has appealed. We reverse and remand.
The exception of res judicata is based on a judgment of divorce rendered August 29, 1983 in the commonwealth of Kentucky, Christian Circuit Court Division Number II, Civil Action Number 83-C1-445. The judgment is styled "Findings of Fact, Conclusions of Law and Final Decree of Dissolution." That judgment contains inter alia the following findings of fact:
3. Petitioner and respondent were married to each other on December 7, 1978, and have been continuously separated for more than 60 days prior to the entry of this decree.
* * * * * *
6. There were no children born of the marriage and the respondent is not pregnant.
It is the sixth finding of fact upon which Mr. Matthews relies for the exception of res judicata. The trial judge reasoned as follows when she maintained the exception:
In the case at hand, the divorce decree was not rendered under Louisiana divorce law but under Kentucky divorce law. The judgment must be taken on its face and afforded full faith and credit. The divorce judgment specifically notes that the respondent "is properly before the Court" and considering the pleadings and the evidence the Court found as a "Finding of Fact" that there were "no children born of the marriage." Affording full faith and credit to the Kentucky judgment, and giving every reasonable construction to the "Findings of Fact," this Court must take the fact that "no children were born of the marriage" as a determination of paternity of the minor child, and a determination that the cause of action was actually litigated.
This Court notes that if the child was the biological child of the defendant, Mr. Matthews, under Louisiana law the child would have been legitimated by the subsequent marriage of the petitioners, and in effect a "child born of the marriage." Therefore a divorce judgment stating that there were "no children born of the marriage" would likely be dispositive of the issue of paternity if the child was properly represented in a disavowal action.
La.R.S. 13:4231 provides the general rule for applying res judicata. It applies "to all civil actions filed on or after January 1, 1991." Section 5 of Acts 1990, No. 521. La.R.S. 13:4231(3) bars the relitigation of "any issue actually litigated and determined if its determination was essential to that judgment." The statute states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The exceptions to res judicata are given in La.R.S. 13:4232. La.R.S. 13:4232(B) provides that in divorce actions, "the judgment has the effect of res judicata only as to causes of action actually litigated." La. R.S. 13:4232 provides:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,

*1114 (3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
Thus, in order for the Kentucky judgment to bar the current paternity suit the issue of paternity would have had to have been "actually litigated and determined if its determination was essential to "the Kentucky judgment." La.R.S. 13:4231(3); La.R.S. 13:4232(B).
The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. SJ v. PM, 586 So.2d 662 (La.App. 2nd Cir.1991); Lowe v. Prejean, 540 So.2d 436 (La.App. 1st Cir. 1989); Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356 (La.1987). Furthermore, if there is any doubt as to its applicability, the exception must be overruled. Lowe, supra. Landmark Land Co. v. Jemison, 558 So.2d 802 (La.App. 5th Cir. 1990).
The Louisiana Supreme Court has held in Lamana v. LeBlanc, 526 So.2d 1107, 1109 (La.1988):
An evaluation of the issues actually litigated shall be determined not solely from the examination of the pleadings but by the examination of the entire record of the first suit.
In the instant case the entire record of the Kentucky suit is not in evidence. The only pleading before the trial judge was the judgment. We are unable to speculate from the wording in the judgment whether paternity was adjudicated; the phrase "no children born of the marriage and the respondent is not pregnant" could conceivably mean that no children were born during the marriage or anticipated to be born following the divorce. We cannot determine whether the paternity of a child born prior to the marriage has been actually litigated. La.R.S. 13:4231(3). No Kentucky record was introduced. Furthermore, there is no indication in the Kentucky judgment that the determination of paternity "was essential to that [divorce] judgment." La.R.S. 13:4231(3). Since there is doubt as to whether paternity was actually litigated the trial judge erred in maintaining the exception.
Accordingly, for the reasons stated, the judgment maintaining the exception of res judicata is reversed and judgment is now rendered in favor of plaintiff, State of Louisiana, Department of Social Services and Annette Matthews overruling the exception of res judicata filed on behalf of defendant, Warren Matthews. The judgment is affirmed in all other respects. This matter is remanded to the district court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED; REMANDED.