**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-30445
Summary Calendar
_____


In the Matter of:

CHARLOTTE A. DORLAND,

　　　　　　　　　　　　　　　　　　Debtor.



CHARLOTTE A DORLAND,

　　　　　　　　　　　　　　　　　　Appellant,

VERSUS

RIGHT UP YOUR ALLEY, INC., and ARLENE L. CREELY,

　　　　　　　　　　　　　　　　　　Appellees.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-2200-L)
_____
December 26, 1996


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this bankruptcy action, the debtor, Charlotte Dorland, appeals the district court's determination that a Louisiana state court default judgment has preclusive effect on appellees' dischargeability action under 11 U.S.C. § 523(a)(2)(A).  Finding no error, we affirm.

I.

Arlene Creely retained Dorland in 1990 to perform various accounting and tax services on her behalf and on behalf of her business, Right Up Your Alley, Inc.[1]  After terminating the employment relationship in January 1992, Creely sued Dorland in Louisiana state court, alleging breach of contract, negligence, conversion, payment of a thing not due, unfair and deceptive trade practices, fraud, and open account.  When Dorland failed to answer the complaint, the state court held an evidentiary hearing and rendered a default judgment in favor of Creely, awarding actual damages, general damages, and attorneys' fees.[2]

Subsequent to this adverse judgment, Dorland filed in March 1993 a voluntary chapter 7 bankruptcy petition.  Pursuant to 11 U.S.C. § 523, Creely filed a complaint to determine discharge-

---

[1] Creely and Right Up Your Alley, Inc., collectively, are referred to hereinafter as "Creely").

[2] The default judgment noted in pertinent part that "IT IS ORDERED, ADJUDGED AND DECREED that judgment be rendered in favor of the plaintiffs and against the defendant, Charley A. Dorand, on the allegations of breach of contract, negligence, conversion, payment of a thing not due, unfair and deceptive trade practices, fraud, and open account."

ability of debt in the bankruptcy court, arguing that the state court judgment with respect to fraud was entitled to collateral estoppel effect in the dischargeability determination. The bankruptcy court denied Creely's summary judgment motion on collateral estoppel, finding that the state court had not made subordinate, factual findings in support of its default judgment. The district court affirmed the bankruptcy court originally and then, upon motion for rehearing, reversed the bankruptcy court, finding that the court was required on the basis of collateral estoppel to give preclusive effect to the Louisiana state court judgment.

## II.

Dorland argues that the district court erred in giving preclusive effect to a Louisiana state court default judgment in its determination that the debts to Creely are nondischargeable under 11 U.S.C. § 523(a)(2)(A).[3] We review the district court's conclusions of law *de novo* and its factual findings for clear error. *See Allison v. Roberts (In re Allison)*, 960 F.2d 481, 483 (5th Cir. 1992).

---

[3] Section 523(a)(2)(A) excepts from discharge any debts "'to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.'" *See RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1292 (5th Cir. 1995) (quoting 11 U.S.C. § 523(a)(2)(A)). Because Dorland does not appeal the district court's finding that fraud under Louisiana law is tantamount to "actual fraud" under § U.S.C. § 523(a)(2)(A), we assume as much for the purposes of this appeal.

3

We are required, under the Full Faith and Credit Act, 28 U.S.C. § 1738, to accord state court judgments the same preclusive effect that is provided by the law of the state in which the judgment was rendered. *See A.L.T. Corp. v. Small Business Admin.*, 801 F.2d 1451, 1455 (5th Cir. 1986). Under Louisiana law, collateral estoppel bars relitigation of "'any issue actually litigated and determined if its determination was essential to that judgment.'" *State Dep't of Social Serv. v. Matthews*, 615 So. 2d 1112, 1113 (La. App. 1st Cir. 1993) (citing LA. REV. STAT. ANN. § 13:4331(3) (West 1991)).

Dorland contends that, because the state court entered a default judgment, the fraud claim was neither "actually litigated" nor "essential to that judgment." According to Dorland, "the state court simply awarded judgment, repeating in cursory and mechanical fashion the language of the plaintiffs' complaint. . . . There is simply no way of knowing which grounds were seriously considered by the state court nor which were considered essential to its judgment." Furthermore, Dorland argues that, notwithstanding the award of actual damages, special damages, and attorneys' fees, all three of which are recoverable together only upon a finding of fraud, we cannot infer from this award that the court actually found fraud.

"It is well established that in obtaining a default judgment, the plaintiff must present competent evidence to support each

4

element of his causes as fully as though each of the allegations in the petition were [*sic*] denied by defendant." *Collins v. Estrade*, 638 So. 2d 275, 277 (La. App. 5th Cir. 1994). Thus, under Louisiana law, a default judgment requires that the plaintiff make out a *prima facie* case for each of the claims alleged. *See* LA. CODE CIV. PROC. ANN. art. 1702A (West 1991).

It is evident from the state court's final order that the court considered the fraud allegations and that, as a pre-condition to awarding a default judgment with respect to the fraud claim, the court determined that Creely had successfully proved the *prima facie* case for fraud. An issue that is properly raised, by the pleadings or otherwise, and that is submitted for determination and is actually determined is "actually litigated" for purposes of collateral estoppel. *See Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 680 (5th Cir. 1995) (applying the same default judgment standard under Texas law as is applicable to Louisiana law). Hence, we disagree with Dorland that the state court "simply awarded judgment" without determining first that Creely had "actually litigated" the elements of fraud.

We similarly reject Dorland's argument that the fraud finding was not "essential to that judgment."[4] The district court found

---

[4] This is an unusual posture in which to raise a challenge under the "necessary to that judgment" prong of the collateral estoppel test. Typically, such challenges arise where a litigant seeks to estop the re-litigation of one element of an ultimate claim, whereas here the challenge is to the claim itself. *See, e.g., Ebey v. Harvill*, 647 So. 2d 461, 464 (La. App. 2d Cir. 1994) (noting that a claimant's statement regarding paternity made in a previous divorce action

5

that because the court awarded Creely its full actual damages, general damages, and attorneys' fees, all three of which are available under Louisiana law under a finding of fraud only, the fraud finding was essential to the default judgment. Dorland notes correctly, however, that under Louisiana law the state court could have awarded general damages for other causes of action (i.e., negligence) pleaded by Creely besides fraud alone. *See Kessler v. Southmark Corp.*, 643 So. 2d 345, 351 (La. App. 2d Cir. 1994). Dorland also notes correctly that under Louisiana law, attorneys' fees are recoverable for other causes of action besides fraud alone. *See, e.g., McHale v. Lake Charles Am. Press*, 390 So. 2d 556 (La. App. 3d Cir. 1980), *cert. denied*, 452 U.S. 941 (1981) (awarding attorneys' fees in a libel case).

Only one of these additional causes of action for which Dorland notes that attorneys' fees are available, however, was pleaded by CreelySSan action on open account. Creely concedes that attorneys' fees are available in an action on open account but argues convincingly that the state court likely did not base its award of attorneys' fees of $4,505.15 on an open account claim of $686.50, as such an award (600% of the damages claimed) would have been excessive under the Louisiana reasonableness standards. Hence, we do not find clear error in the district court's finding

---

is not preclusive in a subsequent action because paternity was not essential to the final judgment in the divorce proceedings).

6

that, of the various claims alleged by Creely, all three forms of awardsSSactual damages, general damages, and attorneys' feesSSwere available and actually awarded for the fraud claim only.  A finding of fraud was therefore necessary to the default judgment, notwithstanding the fact that each of the various claims arose out of the same set of operative facts.

AFFIRMED.