CHEHARDY, Judge.
 

 |2On June 12, 2002, Dwain Raymond (hereinafter “Raymond”) was injured while in the course and scope of his employment. Raymond was injured when he fell into a three-foot deep hole in the ground excavated to allow plumbers to inspect underground pipes at the apartment complex where Raymond was employed. Pursuant to a workers’ compensation policy issued to Raymond’s employer, Louisiana Workers’ Compensation Corporation (hereinafter “LWCC”) made workers’ compensation payments to Dwain Raymond.
 

 On June 11, 2003, Raymond filed a lawsuit against several defendants alleging that their negligence caused his injury and resultant damages. Raymond did not notify his employer or LWCC that he had instituted a lawsuit to recover for his injuries. When LWCC did learn of the pending negligence suit, LWCC intervened pursuant to La. R.S. 23:1102(A)(1), seeking reimbursement for workers’ compensation benefits paid to Raymond.
 

 On August 20, 2008, Raymond, LWCC, and the defendant’s insurer, with their respective attorneys, attended a mediation conference. An agreement entitled | ¡/‘Memorandum of Settlement Agreement” was reduced to writing and duly executed by all parties and their counsel. The agreement reads, in pertinent part:
 

 THE ABOVE REFERENCED MATTER WAS MEDIATED ON THE 20[SIC] DAY OF AUGUST, 2008, AND A SETTLEMENT WAS REACHED. THE TERMS ARE AS FOLLOWS:
 

 In full and final settlement of all claims against all defendants and defendants-in-intervention in the above referenced suit, arising out of 6/12/02 accident at 650 Central Avenue, Metairie, LA. Hanover Insurance Co. on behalf of National Economy Plumbers, Inc. agrees to pay $150,000.00 total, of which Dwain Raymond will be paid $120,000.00 and LWCC will be paid $30,000.00 subject to OWC approval. Hanover to pay Dwain Raymond’s 1/3 cost of mediation.
 

 Furthermore, attached to the agreement is an Addendum, which reads:
 

 Out of this settlement, LWCC accepts $30,000.00 in satisfaction of its lien. Plaintiff agrees to give LWCC and employer a full and final release of all claims effective Aug. 20, 2008. LWCC will remain responsible for any outstanding medical bills if authorized and duly pre-certified by LWCC.
 

 Surprisingly, Raymond’s attorney filed a Motion to set “Moody fees”
 
 [1]
 
 on Ray
 
 *441
 
 mond’s behalf on September 15, 2008. On October 6, 2008, LWCC filed an Exception of
 
 Res Judicata
 
 and Motion to Enforce Settlement. At the hearing on October 14, 2008, the trial judge denied LWCC’s exception and granted Raymond’s Motion for Moody fees of $7,500.00, which is 25% of LWCC’s $30,000.00 settlement.
 

 On appeal, LWCC asserts two assignments of error, which attack the award of Moody fees to Mr. Taormina. Finding merit in its criticism of the Moody award, we reverse and render.
 

 The assessment of Moody fees is provided for in La. R.S. 23:1103(C)(1) which reads, in pertinent part:
 

 “If ... the employer ... intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the ^reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the interve-nor’s recovery for prejudgment payments .... The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefited or augmented the recovery from the third party.... Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor’s costs shall be based on intervenor’s recovery of prejudgment payments.... ”
 

 An exception of
 
 res judicata
 
 is the proper procedural vehicle when a suit is barred by a valid written compromise or transaction.
 
 Brown v. Drillers, Inc.,
 
 630 So.2d 741 (La.1994).
 

 La. R.S. 13:4231 defines
 
 res judicata
 
 as follows:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 The party who urges the exception of
 
 res judicata
 
 bears the burden of proving its essential elements by a preponderance of the evidence.
 
 State, Dept. of Social Services v. Matthews,
 
 615 So.2d 1112 (La.App. 5 Cir.1993) (citations omitted). The burden of proof in the present case is clearly on LWCC to establish the requisites for a valid compromise, including the parties’ intent to settle the differences being asserted in the action in which it is interposed.
 
 Brown v. Drillers, Inc., supra.
 

 [ r,After a careful review of the entire record, we find that the trial court was manifestly erroneous in denying LWCC’s exception of
 
 res judicata
 
 and awarding Moody fees to Mr. Taormina. The agreement clearly states that the agreement is in “full and final settlement of all claims against all defendants and defendants-in-intervention” and “plaintiff agrees to give LWCC ... a full and final release of all claims effective Aug. 20, 2008.” We find
 
 *442
 
 that LWCC bore its burden of establishing a full compromise sufficient to establish a valid and final judgment. Accordingly, the judgment awarding Moody fees is vacated and LWCC’s exception of
 
 res judicata
 
 is granted. Costs to be paid by Anthony Taormina.
 

 REVERSED AND RENDERED.
 

 [1]
 

 .
 
 See, Moody v. Arable,
 
 498 So.2d 1081 (La.1986), as adopted and codified by La. R.S. 23:1103(C).