*853
 
 CLARENCE E. McMANUS, Judge.
 

 ^Plaintiff, Advanced Commercial Contracting and Edward J. Hartson (“ACC”), appeals from a judgment of the trial court granting an exception of res judicata and dismissing its suit against Powell Insurance Agency (“Powell”). For the reasons that follow, we affirm the decision of the trial court.
 

 On May 9, 2005, ACC filed a petition for damages against Powell. In its petition, ACC alleged that it contacted Powell for the purpose of obtaining certain types of business insurance, and that Powell obtained business insurance for it from Pacific Insurance Company, Limited. The policy originally provided blanket coverage for potential business interruption and for personal property of others and no coinsurance clause. At some point Powell neglected to forward a questionnaire to ACC, with the result that insurance coverage was changed to ACC’s detriment, in that the blanket coverage for business interruption was no longer provided, and a 100% co-insurance coverage was also added to the business interruption coverage.
 

 On May 14, 2004, a fire occurred at ACC’s business and ACC made a claim under the Pacific policy. At that point, ACC learned of the changes that had been made to the policy, with the result that ACC was severely underinsured or uninsured for the damages it sustained in the fire.
 

 |sACC argued that Powell breached its duty as insurance agent, resulting in insufficient insurance coverage at the time that a fire destroyed ACC’s property. ACC contends that it was uninsured/underin-sured for lost business income and property replacement value, and lacked umbrella coverage for any excess damages and liabilities. It further contended that it paid premiums for, but was not provided with, full insurance coverage, including but not limited to umbrella coverage, proper blanket business interruption coverage, and proper blanket coverage for property of others. ACC contended that Powell breached its duty by failing to deliver the questionnaire, failing to notify ACC of changes in insurance coverage, failing to obtain agreed on types and amounts of insurance coverage, and other acts of negligence and fault.
 

 On August 11, 2005, Powell filed exceptions of res judicata, or alternatively transaction and compromise, and of no cause or right of action. In support of its exception of res judicata or transaction and compromise, Powell referenced an agreement entered into between the parties on August 20, 2004. Powell re-urged his exception of res judicata on November 26, 2008.
 

 On February 10, 2009, the trial court rendered judgment sustaining Powell’s exception of res judicata, and dismissing ACC’s claims. This appeal followed. In this appeal, ACC alleges that the trial court erred in granting the exception of res judicata. ACC’s brief in this Court presents the following allegations of error:
 

 1. The trial court erred in finding that
 
 res judicata
 
 barred Plaintiffs claims against Powell since the governing Agreement between the parties only released Powell from claims arising out of the subject fire at ACC’s immovable property.
 

 2. The trial court erred in finding no evidence of mistaken intent sufficient to look beyond the language of the governing Agreement between the parties.
 

 3. The trial court erred in not denying Powell’s exception under the doctrine of
 
 contra non valentem.
 

 |,t4. The trial court erred in not interpreting the governing Agreement between the parties against Powell on the grounds the Agreement is ambiguous. 5. The trial court erred in dismissing the individual claims of Eddie Hartson,
 
 *854
 
 since he did not sign the governing Agreement between the parties in his individual capacity.
 

 ANALYSIS
 

 LSA-R.S. 13:4231 provides that:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 In
 
 Hines v. Smith,
 
 44,285 (La.App. 2 Cir. 8/12/09), 16 So.3d 1234, 1237-8, the standard of review for a determination of the
 
 res judicata
 
 effect of a compromise was set forth as follows:
 

 A valid compromise can form the basis of a plea of res judicata.
 
 Ortego v. State, Dep’t of Transp. & Dev.,
 
 96-1322 (La. 2/25/97), 689 So.2d 1358;
 
 Marsh v. USAgencies Cas. Ins. Co.,
 
 42,176 (La.App. 2d Cir. 5/16/07), 957 So.2d 901,
 
 writ denied,
 
 2007-1286 (La.10/26/07), 966 So.2d 575. The purpose of the doctrine of res judicata is to promote judicial efficiency and the final resolution of disputes.
 
 Avenue Plaza, L.L.C. v. Falgoust,
 
 96-0173 (La.7/2/96), 676 So.2d 1077;
 
 Hawthorne v. Couch,
 
 41,603 (La.App.2d Cir.12/20/06), 946 So.2d 288, writ not considered, 2007-0173 (La.3/16/07), 952 So.2d 685. The doctrine of res judi-cata is stricti juris, and any doubt concerning application of the principle of res judicata must be resolved against its application.
 
 Kelty v. Brumfield,
 
 93-1142 (La.2/25/94), 633 So.2d 1210;
 
 Hawthorne, supra.
 

 |fiThe party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. If there is any doubt as to its applicability, the exception must be overruled.
 
 Davis v. Home Depot,
 
 96-850 (La.App. 5th Cir. 2/22/97), 690 So.2d 208,
 
 writ denied,
 
 97-0728 (La.5/1/97), 693 So.2d 740, citing
 
 State, Dept. of Social Services v. Matthews,
 
 615 So.2d 1112 (La.App. 5th Cir.1993). The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties.
 
 State ex rel. Murphy v. Haren,
 
 42,098 (La.App.2d Cir.5/16/07), 957 So.2d 869,
 
 writ denied,
 
 2007-1285 (La.9/21/07), 964 So.2d 345;
 
 Floyd v. City of Bossier City,
 
 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993.
 

 The purpose of a compromise is to prevent or put an end to litigation. The essential elements of a compromise are: (1) mutual intention of putting an end to the litigation and (2) reciprocal concessions of the parties in adjustment of their differences.
 
 Rivett v. State Farm Fire & Cas. Co.,
 
 508 So.2d 1356 (La.1987);
 
 Thompson v. Jackson Parish Police Jury,
 
 36,497 (La.App.2d Cir.10/23/02), 830 So.2d 505.
 

 In this case, the settlement agreement between ACC and Powell states that
 

 
 *855
 
 Powell has the right to be released from all claims by ACC related to the fire upon paying to ACC (1/2) of the difference between the amount the insurer are or become willing to pay regarding the building and contents claim at 2860 Arts Street and $250,000.
 

 [[Image here]]
 

 To the extent Powell pays under ¶ 2 of this document, Powell is subrogated to the rights of ACC, prorata to ACC’s uninsured tort claims against third parties.
 

 On appeal, ACC first contends that the Agreement is not applicable in this case because the claims at issue are not those that arise out of the fire. It contends that the instant suit sets forth a claim for actions that occurred well before the fire at issue, “when Powell purchased insurance for ACC and, solely through the fault of Powell, failed to send ACC the paperwork necessary to provide adequate coverage.” Appellant also contends that this agreement is ambiguous and therefore should be interpreted against Powell.
 

 | fiAppellee contends that the settlement language is unambiguous and clearly releases Powell for not only property damage, but also “with regard to any other claim by ACC against Powell, arising out of the fire ...” which language encompasses the claims made by ACC in this suit.
 

 The trial court reviewed the language of the compromise agreement and found “specific language in the release which indicates that the plaintiffs intended to release all claims against defendant ... Plaintiffs neither reserved any rights nor made their release a narrow one.” During the hearing on this matter, the parties agreed that they were each represented by counsel when the release was confected and executed, and had the parties intended to except any cause from the release they could have done so. In our review, we find no error in this decision of the trial court. Accordingly, these allegations of error lack merit.
 

 Appellants next contend that if the Agreement operated to release Powell, there was mistake in fact sufficient to negate the contract. They contend that they did not intend to release those claims relating to Powell’s failure to transmit the questionnaire, and therefore the court should have considered evidence of the parties’ intent in reaching the compromise agreement. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” LSA-C.C. art. 2046;
 
 Green v. New Orleans Saints,
 
 00-0795 (La. 11/13/00), 781 So.2d 1199. Accordingly, the trial court did not err in failing to consider extrinsic evidence of the intent of the parties in its interpretation of the Agreement.
 

 Next appellants argue that Powell’s exception of res judicata should have been denied under the doctrine of contra non valentem. The doctrine of contra non valentem provides that prescription does not run against one who is ignorant of the facts upon which their cause of action is based, and is an exception to the | statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.
 
 Jackson v. Jefferson Parish Clerk of Court,
 
 07-963 (La.App. 5 Cir. 4/15/08), 981 So.2d 156,
 
 writ denied,
 
 08-1150 (La.10/31/08), 993 So.2d 219. This doctrine is inapplicable in this matter.
 

 Finally, appellants argue that the trial court erred in dismissing the individual claims of Eddie Hartson, because he signed the release only on behalf of ACC, and not in his individual capacity. However, Hartson filed suit on behalf of ACC, as
 
 *856
 
 the president and owner of ACC, and did not assert any individual claims in his petition. We find no error in the trial court’s ruling dismissing the suit against Powell.
 

 For the above discussed reasons, the trial court’s ruling granting the exception of res judicata, and dismissing plaintiffs’ suit against Powell is affirmed. All costs are assessed against appellant.
 

 AFFIRMED.