SUSAN M. CHEHARDY, Judge.
12This is a maritime personal injury case in which the plaintiff appeals the trial court’s grant of an exception of res judica-ta. For the following reasons, we vacate the judgment and remand the case.
FACTS
Randy James Rudolph filed suit on October 14, 2008, against D.R.D. Towing Company, LLC, as operator of the MW RUBY E, and against Martin Operating Partnership, L.P., as owner and operator of the MW .MARTIN CHALLENGER, alleging various maritime claims under the Jones Act (46 U.S.C. § 30104), the general maritime law of the United States, and the laws of .Louisiana. Rudolph alleged that on July 13, 2008, he was employed by DR.D. as a deckhand and crew member of the MW RUBY E, which was operated by D.R.D., on navigable waters within the *1276 district court’s jurisdiction. On that date the RUBY E was struck by the M/V MARTIN CHALLENGER. As a result of the collision, Rudolph was thrown from his bunk and within seconds had to escape the RUBY E, which was sinking. Rudolph made various allegations of negligence and fault against the defendants.[1]
IsD.R.D.’s Answer incorporated an exception of res judicata. D.R.D. asserted that Rudolph had executed a receipt and release settling any and all claims within a few days of the incident made the basis of the suit. D.R.D. averred that on July 16, 2008 — three days after the collision between the M/V RUBY E and the M/V MARTIN CHALLENGER — Rudolph met with an insurance adjuster and agreed to accept $3,000 from D.R.D. in exchange for a full and final release of D.R.D. and other related entities from any claims that Rudolph had or might have as a result of the July 13, 2008 incident involving the M/V RUBY E.[2] D.R.D. attached copies of the affidavit of the insurance adjuster, Jack R. Hoyle; a transcript of Hoyle’s tape-recorded conversation with Rudolph, in which they discussed the release; the Release of All Rights signed by Rudolph; and the check made payable to Rudolph.
Rudolph filed an opposition to the exception and attached his own affidavit, setting out his version of the events surrounding the signing of the release.[3]
At hearing of the exception, there was argument of counsel, but neither party introduced any of the exhibits that had been attached to their pleadings.
The district court granted the exception of res judicata from the bench and later provided written reasons for judgment, in which the court found the release was signed by Rudolph with full understanding of his rights. Rudolph appeals.[4]
|„LAW AND ANALYSIS
We do not address the merits of the exception because our review of the record discloses a glaring flaw: Neither party introduced any evidence into the record at hearing of the exception. Although the parties both attached their documentary evidence to their memoranda in support of or in opposition to the Exception of Res Judicata, the documents are not properly before us for review.
*1277 The- party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence;. if there is any. doubt as to its applicability, the exception must be overruled. Advanced Commercial Contracting v. Powell Ins. Agency, 09-758, p. 5 (La.App. 5 Cir. 12/29/09), 30 So.3d 851, 854.
On motion for summary judgment, the court may review the pleadings and other documents filed in the record. La. C.C.P. art. 966(B). On trial of a peremptory exception pleaded prior to trial of a case, however, when the grounds for the peremptory exception do not appear from the petition, evidence may be introduced to support or controvert any of the objections pleaded. La. C.C.P. art. 931.
The failure to appropriately file exhibits into evidence is problematic. Some confusion apparently arises due to the differences in a court’s consideration of motions for summary judgment and peremptory exceptions. In considering a motion for summary judgment, the court shall render judgment “if the pleadings, depositions, answers to interrogatories) and admissions on file, together with the affidavits, if any, show that there is no ■genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966. Appellate review of motions for summary judgment is de novo. Thus, the appellate court considers the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits submitted by the parties.
|fiOn the other hand, at the trial of a peremptory exception ..., “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” LSA-C.C.P. art. 931. Appellate review of the record following a hearing on exceptions is governed by manifest error when evidence has been introduced at the hearing. In the absence of evidence, the exception ... must be decided on the facts alleged in the petition, which are accepted as true.
Failure to adequately prepare the record by neglecting to offer matters into evidence can alter the outcome of a case, especially ... where the burden of proof may shift between the parties. In this matter, that failure led to delay and additional work on the part of this court and counsel for the parties which could have been avoided by introducing evidence into the record. [Citations omitted.]
Cichirillo v. Avondale Industries, Inc., 2004-2894, p. 5 n. 7 (La.11/29/05), 917 So.2d 424, 428 n. 7.
Here, the grounds for the exception of res judicata do not appear from the petition, which merely states Rudolph’s claims against the defendants. Hence, the parties should have introduced evidence to support their claims regarding res judica-ta.
Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memo-randa do not constitute evidence and cannot be considered as such on appeal.
Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. None of the depositions relied on by the Plaintiffs were properly before the trial court at the time of the hearing, nor were they properly part of the record on appeal. Thus, based on the content of the record before us, we must conclude that Plaintiffs failed to meet their burden of proof in this matter. [Footnote added; citations omitted.]
*1278 Denoux v. Vessel Management Services, Inc., 2007-2143, p. 6 (La.5/21/08), 988 So.2d 84, 88-89.
| (¿Because the grounds for the exception of res judicata do not appear from the petition, and there is no evidence on which to otherwise decide the exception, the trial court erred in granting the exception. The judgment must be set aside. ■
For the foregoing reasons, the judgment is vacated. The case is remanded for further proceedings. Costs of this appeal are assessed equally to the parties.

VACATED AND REMANDED

. The petition was later supplemented to add Rudolph’s wife, Sheena Rudolph, as a plaintiff, seeking damages for mental and emotional pain and suffering, and for loss of consortium, society, and service.

. In addition to D.R.D. Towing, LLC, other entities named in the Release were Four Marine, LLC, and Zito Fleeting, LLC.

. Rudolph’s affidavit stated that three days after the accident, he was ordered by his employer to come to the office. He was interviewed by several people, many of whom he did not know. He was told he would be paid $3,000 for the loss of his computer and other papers that went down with the RUBY E. He was not advised of his right to speak with an attorney before he signed the document, nor was he advised of his right to sue for maintenance and cure as well as for general damages. He was not offered medical treatment, but he believed that if he needed medical treatment he would be able to obtain it. He subsequently found he suffered mental and physical injuries because of the collision and he needs additional treatment.

.Rudolph designated the record on appeal and specifically requested that the judgment be included in the record. As filed in this Court, however, the appellate record did not contain a copy of the judgment, only a copy of the written reasons for , judgment. Neither the appellant nor the appellee noted the deficiency in the record. In such cases we are authorized to dismiss the appeal as premature ' for lack of a judgment. Rather than dismiss the appeal, however, in the interest of judicial efficiency we ordered the district court to supplement the record with the judgment.