WICKER, J.,
concurs.
hi concur in the result reached but write separately to address a potential conflict in the jurisprudence discussing the evidentia-ry issue presented in this case. Specifically, there appears to be a conflict in the decisions rendered by the Louisiana circuit courts of appeal when presented with the issue of whether an appellate court may consider “evidence” not formally introduced or admitted into evidence in the trial court where neither party objects to the evidence and the trial judge considers the evidence in rendering his/her judgment.
The Louisiana Supreme Court has instructed that an appellate court may not consider evidence not properly introduced in the trial court and this Court has historically refused to consider such evidence. See Rudolph v. D.R.D. Towing Company, LLC, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274; Wilson v. Beechgrove Redevel *428 opment, L.L.C., 09-1080 (La.App. 5 Cir. 4/27/10), 40 So.3d 242, 244; and Jackson v. United Services Auto. Ass’n Cas. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, 515.
However, this Court in my opinion has issued conflicting decisions when confronted with the issue of whether evidence not formally admitted may be considered by this Court in a case where neither party objects to the evidence and the trial court considers the evidence in rendering its judgment or ruling. Although this Court has historically refused to consider evidence not formally admitted even where neither party objects (see Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081), this Court has previously considered such evidence. See Barkley Estate Cmty. Ass’n, Inc. v. Huskey, 09-268 (La.App. 5 Cir. 1/12/10), 30 So.3d 992, 996 (“[tjherefore, the contract portions, which were either admitted or submitted without objection may therefore be considered in determining whether the court has subject matter jurisdiction.”) Further, this Court has approvingly cited a Third Circuit decision, Abshire v. Belmont Homes, Inc., 04-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, 280, writ denied, 05-0862 (La.6/3/05), 903 So.2d 458, which specifically creates a “judicial confession” exception applicable to this evidentiary issue. In Abshire, the Third Circuit considered evidence not formally introduced in the trial court, holding that a party’s failure to object to such evidence serves as a judicial confession and acknowledgment of the existence of the evidence. It is my opinion that the Abshire and Barkley cases discussed above are in conflict with the decision rendered by the Louisiana Supreme Court in Denoux v. Vessel Mgmt. Services, Inc., 2007-2143 (La.5/21/08), 983 So.2d 84.
| ¡After comprehensive consideration of the Louisiana jurisprudence on this issue, I concur in the instant decision to refuse to consider the evidence in this case. Although the evidence was referred to by both parties and considered by the trial court in rendering its judgment, it was not formally admitted or introduced into evidence and thus cannot be considered by this court.